OSSIE PADGETT and WESLEY HUNTER v. STATE.

157 So. 186.

Opinion Filed October 24, 1934.

76

*W. P. Chavous,* for Plaintiff in Error.

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiffs in error were convicted in the Circuit Court of Taylor County of the offense of larceny of a cow.

There are several contentions presented as to why the judgment should be reversed. We shall discuss only two of the questions presented, as we do not deem others of importance. One of these is whether or not the judgment should be reversed because the defendants were not arraigned and did not plead in terms to the indictment. The

other challenged the admission of the testimony purporting to be an admission by one defendant and a confession by the other made extra-judicially to a third person not an officer.

The plaintiffs in error cite Section 6070 R. G. S., 8375 C. G. L.

We think this section is directory and that the provisions may be waived by the defendant.

In Garland v. State of Washington, 232 U. S. 642, 52 Law Ed. 772, the Supreme Court of the United States, discussing this identical question, said:

"Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts' were disposed to require that the technical forms and methods of procedure should be fully complied with. But with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, is expressed in the dissenting opinion of Mr. Justice PEEKHAM, speaking for the minority of the court in the Crain case, when he said:

"'Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which, under the circumstances, would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded

as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.'

"Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the Crain case is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed, it is necessarily overruled."

In the case at bar the record shows by recitation the following:

"The record does not show that the defendants were ever arraigned or entered pleas; but the record does show that the indictment was read to the jury in the presence of all three of the defendants at the beginning of the trial.

"And afterwards, to-wit, on the 4th day of October, A. D. 1933, at a regular term of the Court, the cause came on for trial and the defendants, in Court with their counsel, announced ready. The State also announced ready. Thereupon came a jury of six good and lawful men, to-wit:"

The bill of exceptions shows the following:

"*Be It Remembered,* That at a Term of the Circuit Court in and for Taylor County, Florida, Third Judicial Court, held at Perry on the 4th day of October, A. D. 1933, a cause therein pending, wherein the State of Florida was plaintiff and Ossie Padgett, Wesley Hunter and Arthur

Padgett were defendants, came on to be heard before the Honorable R. H. Rowe, Judge of the said Court, at which day the said parties by their respective attorneys, and the defendants in person, were present in Court, and the following proceedings were had, to-wit:"

The question of arraignment was not raised until after verdict when it was presented by motion in arrest of judgment. We think the action of the defendants who were at the bar of the court with their counsel in proceeding with the trial and taking every advantage available to them during such trial, waived the formality of arraignment and was equivalent to a plea of not guilty.

There is no contention that the defendants were not fully aware of the charge against them under which they were put on trial. When they were called to the bar of the court the record shows that they announced ready for trial and thereupon proceeded to participate in the trial as above stated. The jury was sworn, as is shown by the record, to try the issues joined between the State of Florida and the defendants at the bar. It is quite evident that all concerned thoroughly understood the defendants were charged by the State of Florida with the offense of the larceny of a cow and that the defendants were contending upon the trial before the jury that they were not guilty of that offense. Nothing could have been gained in behalf of defendants or lost upon behalf of the State for the defendants to have been required to enter a more formal plea than that which was embraced in their announcement that they were then ready for trial on the charge presented by the State.

The State relied in part for a conviction upon alleged admissions and confessions purported to have been made by each of the defendants to a third party who was not an

officer of the law and who is not shown to have had any interest except that of a good citizen in the case.

It is contended that the admissions and confessions should not have been admitted in evidence because they were not freely and voluntarily made.

As to the admissions made by the defendant, Hunter, there is no basis for the contention, as it does not appear either from Hunter's testimony, or otherwise, that any inducement whatever was offered him which resulted in his making the alleged admissions.

As to the defendant Padgett the record shows that one Towles went to see him in the jail and had a conversation with him; that in that conversation Towles told Padgett that if he, Padgett, would go with Towles and some other people and show them the hide of the cow that was alleged to have been stolen that he, Towles, would help Padgett in an effort to get the matter compromised. The record does not show that Towles proposed to do anything in behalf of Padgett and did not think Padgett would tell him about the larceny of the cow. So far as the record shows, whatever Padgett told Towles about the transaction was his free and voluntary act. Towles was not an officer. He had no authority in connection with the prosecution, all of which, so far as the record shows, was well known to Padgett.

We, therefore, hold that the admission of this testimony was without error. We are not unmindful of the fact that the question of whether or not a confession or admission is admissible in evidence is one to be determined by the trial judge and should be determined upon an investigation made by him not in the presence of the jury. But, where the record shows that there is no error in admitting the testimony, the judgment will not be reversed because of

the fact that the examination was not made in the absence of the jury. Stiner v. State, 78 Fla. 647, 83 Sou. 565.

Another reason why we are impelled to hold that no error was committed by the court in admitting the alleged admissions and confessions in evidence is that there was no contention upon the part of the defendants that such admissions and confessions were procured by holding out the hope of reward or by the exercise of duress or by putting in fear, but, on the contrary, the defendants took the stand in their own behalf and testified positively that no inducements were offered to either of them to make any admissions or confessions by Towles and each for himself testified that he did not have any such conversation with Towles, so that the jury was left to determine the question not as to whether or not the alleged admissions and confessions were induced by the hope of reward, but, whether or not they were made to Towles by the defendants at all. In other words, it became a question for the jury to determine a question of veracity between Towles on one side and the defendants on the other, which the jury appeared to resolve in favor of Towles, in which conclusion the jury was sustained by the trial court in refusing to grant motion for new trial.

We have carefully examined other assignments of error and find no reversible error. The judgment should, therefore, be affirmed.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—As I view the testimony, the witness, Towles, to whom the alleged confession was made did hold out a hope of reward, and that the conversation

was therefore inadmissible. Nor can I agree that Section 8375 C. G. L., is entirely directory, though the portions here in question might be waived.