THOMAS, Justice.
The appellant was convicted of violating the law denouncing lotteries and was sentenced to , serve three years in. the penitentiary. Evidence obtained by the officers in the execution of a search warrant was introduced by the State in the trial after the trial judge denied a. motion to quash both the search warrant and the affidavit on which.it was based. The admissibility of this evidence prompted appellant’s , first question.
The appellant contends that' his home was searched unlawfully because there'was no statement' in the affidavit that any law was being violated there. This contention iá founded’ bn the claim that the -appellant’s home and place of business were so separated that even if a violation of law Was shown'‘to have been committed in the store “there' [was] no basis for any probability that there was any violation qf the law in the dwelling,” to quote from appellant’s .brief, , ■.
We do not so interpret the representations made to the court in the affidavit. The property was described as a one-story block .building to which a frame structure was attached; and the material and color of each were particularly described. The appellant operated a store in, the “block” *602 building and lived in the frame •■building. The affiant stated that ■ the. appellant occupied and controlled, the “premises” which we understand included the living quarters in. the rear. The fact upon which probable cause of infraction of the law was based seems further to bring the store and residence within the same area of illegal operation. The affiant swore that he entered the shop and bought an interest in a lottery from the appellant who in affiant’s presence recorded the number purchased and gave the pad on which the record was made to a woman who immediately carried it into-the living, quarters'. So in the transaction the dwelling and the shop became linked.
We think the place, that is the part occupied as a residence as well ais the part, used for business, was sufficiently, described to meet the demands of Sec. 22 of the Declaration of Rights of the Florida Constitution,, F.S.A. and that the affidavit, considered as a whole, complied with the inhibition of Sec. 933.18, Florida Statutes 1953, and F.S.A., that no “warrant for the search of any * * * dwelling shall be issued except on sworn proof * * * of some credible witness that'he has reason to believe * * * that such dwelling is being used to carry on gambling * * In other words the contents of the affidavit established a “ ‘reasonable ground of suspicion, supported by circumstances .sufficiently strong- * * * to warrant a cautious man in the.belief’ ” that thé appellant .was engaged in gambliiig and that, therefore, probable cause upon which the warrant could -be based existed. Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 546, 548, 69 L.Ed. 1032; Perez v. State, Fla., 81 So.2d 201.
The appellant next complains that the trial court erred when he permitted in the presence of the jury the 'examination of witnesses relevant to the freeness and 'vol-untariness of a purported confession; The Attorney General concedes in'his'brief that “it is always the' befet practice” for 'the court to determine the admissibility of a confession from testimony taken in the absiente of the jury, Williams v. State, 156 Fla. 300, 22 So.2d 821. That is the procedure we have approved. But the State insists that failure so to conduct this phase of the trial would not necessarily constitute error and that there could have been no error in this case because no objection by the appellant was properly made and, besides, uncontradicted evidence established the fact that the confession was free and voluntary, Padgett v. State, 117 Fla. 75, 157 So. 186; Browne v. State, infra.
We have found no record of a request by appellant’s counsel that the jury be ex-cuséd while the circumstances surrounding the confession1 were being explored. After some testimony1' had been 'adduced about the appellant’s ' statements ■ concerning his activities in the gambling field, the attorney for the appellant objected to further pursuit of the matter on the ground that “if they [were] trying to introduce a confession of any kind * *' *' the proper predicate had not been laid.” An objection of the same nature was made later. On neither occasion did the court make a ruling. After these objections, the attorney for the appellant cross-examined the State’s witnesses about the circumstances surrounding the appellant’s so-called confession. When, finally, the statement shown by the testimony to have been signed by the defendant was offered in evidence, "the attorney for the appellant objected on grounds .utterly foreign either to the one that, the jury had not been excluded during the preliminary inquiry or the one that the so-called, confession was not shown to have been free- and voluntary.
We do not have the statement here, therefore, we are not sure about its contents but we do have a transcript of the testimony and from the uncontradicted stories of the persons who witnessed the so-called confession and told of the manner in which it was procured, it appears that although the rule for determining the admissibility of such statements was not strictly observed, the error was not in all the circumstances' reflected in the record, prejudicial. Cornelius v. State, Fla., 49 So.2d 332. The failure to follow approved procedure did not by the fact itself amount to reversible error, Browne v. State, 92 Fla. 699, 109 So. 811.
*603 Consequently, the judgment is—
Affirmed.
DREW, C. J., and HOBSON arid THOR-NAL, JJ., concur.