PER CURIAM.
The appellant petitioned for relief pursuant to Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. His petition was denied and this appeal followed.
The petition sets out the appellant’s contention that he was (1) illegally arrested; (2) not granted a prompt preliminary hearing; (3) held incommunicado in jail for ten days; (4) denied his right to bail; (5) denied assistance of counsel at arraignment; (6) denied the right of trial by jury.
Of the grounds above listed only the 5th and 6th need further consideration in this court inasmuch as none of the other grounds *586 are alleged or shown by the record to have acted to deprive the appellant-defendant of the substance of a fair trial.
Ground No. 5 alleges that the appellant-defendant was denied due process because he did not have the assistance of the counsel at the time of his arraignment. At this arraignment he plead guilty and the date was set for his trial. At trial he was represented by the public defender. After the taking of testimony, he was adjudged .guilty and sentenced. We find nothing in this record to indicate that because counsel -was not present at the arraignment, the defendant was deprived of due process. If counsel representing him at the time of the trial had determined that appellant would be better served by a plea of not guilty, a motion to withdraw the plea of guilty could have been made. Sardinia v. State, Fla. App.1964, 162 So.2d 328. See Banks v. State, Fla.App.1962, 136 So.2d 25; Cf., Harris v. State, Fla.1964, 162 So.2d 262.
Appellant’s allegation No. 6 that he was unconstitutionally denied his right to a trial by jury, is refuted by the record. By entering a plea of guilty the appellant eliminated any purpose for a jury trial. No <one denied him his right to a jury trial; by his plea of guilty he waived the right.
Affirmed.