PER CURIAM.
Appellant’s petition for relief pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 appendix was denied in the trial court.[1] A *558 reply was filed and at a hearing the trial judge entered the order [2] which is now appealed.
The petition urged: (1) he was not given counsel for a preliminary hearing, and (2) the counsel appointed by the court failed to competently represent him at trial. No facts are given to support either contention. The record reveals that petitioner was indicted by the Grand Jury for first degree murder. He was arraigned at which time a plea of not guilty was entered to the indictment. At the arraignment, upon a showing of the defendant’s insolvency, the court appointed a well-qualified member of the Bar to represent the defendant in any further proceedings in the cause. Subsequently, petitioner entered a plea of guilty of second degree murder. He was adjudicated guilty and sentenced to imprisonment for life.
The record neither supports nor refutes petitioner’s allegation that he was not represented at the preliminary hearing. The answer of the State Attorney asserts that he was represented but we do not consider this answer as sufficient to support a finding that he was represented as against petitioner’s allegation that he was not so represented. Nevertheless, the order of the trial judge was proper because the ground that the petitioner was not given counsel at a preliminary hearing is not sufficient unless some prejudice is alleged by petitioner or suggested by the record. Bell v. State, Fla.App.1964, 164 So.2d 28. In the present record it is shown that at trial and with advice, of counsel, petitioner changed his previous not guilty plea to a plea of guilty to a lesser included offense. It may reasonably be presumed that he did so with knowledge of the legal effect of the evidence against him and in order to escape the jeopardy incident to a plea of not guilty to first degree murder.
The second ground of the petition, which alleged incompetency of the court-appointed counsel is likewise insufficient unless some fact to support the base conclusion is alleged or suggested by the record. Wooten v. State, Fla.App. 1964, 163 So.2d 305.
Affirmed

. The trial judge entered a “Preliminary Order on Motion for Discharge” as follows:
“The defendant has filed in this Court a document which will be considered as a Motion for release from alleged illegal imprisonment presented under Criminal Procedure Rule No. 1 adopted by the Supreme Court of Florida effective April 1, 1963.
“A consideration of this Motion reveals that it does not show conclusively that the movant is not entitled to relief.
“It is therefore CONSIDERED, ORDERED and ADJUDGED:
“1. That the State Attorney of the Eleventh Judicial Circuit of the State •of Florida is directed to reply in duplicate to said motion within thirty (30) days from the date of this Order and that he attach to Ms reply a copy of the Indictment or Information in this cause, a copy of the minute entries of the Court relating to this cause, a copy of the bench docket relating to this cause and a copy of the final judgment entered in this cause.
“2. The Clerk of the Court is, upon request of the State Attorney, directed to furnish to the State Attorney and the above mentioned records of the Court in duplicate.
“3. Upon consideration of the reply to said Motion the Court will determine whether or not a further hearing or the production of the prisoner is required.
“4. The Clerk of the Court is direct *558 ed to forthwith deliver a copj' of this Order to the defendant and deliver a copy of the Order to the State Attorney together with a copy of the Motion and make a return thereof on this Order.”

. “Order on Defendant’s Petition Under Florida Criminal Procedure Rule One.
“This complaint coming on for hearing before the Court upon the Petition of James Curtis Snow under Florida Criminal Procedure Rule One and the Court having considered the Answer of the State’s Attorney and having reviewed the file and the exhibits contained therein together with the minutes of the Court finds that the petitioner was properly represented by able defense counsel, Har-vie Duval, who was a former Assistant State’s Attorney and who is now a Circuit Judge of this Court and that said Petition is without merit, it is thereupon.
“ADJUDGED AND ORDERED that the Petition be and the same is hereby denied.”