174 So.2d 578 (1965)
James Douglas BROOKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 64-477.
District Court of Appeal of Florida. Third District.
May 4, 1965.
*579 James Douglas Brookins, in pro. per.
Earl Faircloth, Atty. Gen., and Arden Siegendorf, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
In the instant case, the appellant was tried and convicted of second degree murder pursuant to a jury verdict, for which he was sentenced to 20 years in the State Penitentiary. No appeal was taken from that conviction and sentence, but the instant appeal is taken from a summary denial of a petition for writ of habeas corpus which the trial court treated as a petition to vacate, pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
By his petition, the appellant alleged the following: (1) The appellant's attorney did not adequately represent him at the preliminary hearing and/or he had no counsel at the preliminary hearing. (2) The arrest of the appellant was illegal in that it was perfected without a warrant. (3) The appellant's counsel did not subpoena defense witnesses.
The appellant's allegation that he was not competently represented by counsel at the preliminary hearing is nothing more than a naked conclusion, without any supporting allegations of fact. Thus, it does not constitute a ground for vacating the conviction and sentence. See: Wooten v. State, Fla.App. 1964, 163 So.2d 305; Snow v. State, Fla.App. 1965, 171 So.2d 557. Furthermore, in view of the fact that in the absence of a showing of prejudicial harm a preliminary hearing is not an essential step in a criminal proceeding [see: Baugus v. State, Fla. 1962, 141 So.2d 264, cert. den 83 S.Ct. 153, 371 U.S. 879, 9 L.Ed.2d 117; Wooten v. State, supra; Hoffman v. State, Fla.App. 1964, 169 So.2d 38], lack of counsel at a preliminary hearing does not constitute a denial of due process of law. Webster v. State, Fla.App. 1963, 156 So.2d 890; Sam v. State, Fla.App. 1964, 167 So.2d 258.
As to the appellant's second allegation, the appellant has failed to show in what manner the alleged illegality of his arrest deprived him of a fair trial. Thus, the allegation is insufficient to sustain a *580 collateral attack on the conviction and sentence. See: Marti v. State, Fla.App. 1964, 163 So.2d 506; Smith v. State, Fla.App. 1964, 168 So.2d 585.
Lastly, the failure of counsel to call witnesses on behalf of the defense is a matter of personal judgment exercised by defense counsel and is not a ground for collateral attack. See: Simpson v. State, Fla.App. 1964, 164 So.2d 224; Jackson v. State, Fla.App. 1964, 166 So.2d 194; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787. And, the allegations in the appellant's petition do not constitute a possible exception to that rule as set out in Stratos v. State, Fla.App. 1964, 167 So.2d 771.
Therefore, the action of the trial court here under review is hereby affirmed.
Affirmed.