HOBSON, Judge.
On January 4, 1966, the appellant, Robert Lee Hines, and co-defendants, Henry-Frank Lane, Vestro Rhone and John M. Smith, were informed against for the crime-of robbery. The office of the Public Defender was initially appointed to represent all of the defendants and at their arraignment on January 20, 1966 each defendant entered a plea of not guilty. On January 26, 1966, the office of the State Attorney received a letter from the appellant stating in effect that while appellant had wanted to-plead guilty to the crime of robbery, the-Public Defender had entered a plea of not guilty and appellant therefore requested1 *606 that a plea of guilty be entered in his be'half. Thereafter on February 11, 1966, a hearing was held before the trial judge, wherein appellant was represented by the Public Defender, Robert Jagger. Only after a detailed explanation of the effects of appellant’s plea of guilty were stated by the court and appellant’s attorney . questioned as to whether he had thoroughly •counseled and advised appellant concerning his change of plea, was the above described letter received into evidence and appellant’s plea accepted. On March 24, 1966, appellant was sentenced to a term of :six months to fifteen years.
Thereafter the appellant filed a “motion mnder Escobedo ruling to have sentence •set aside,” which motion was treated as a -petition to vacate judgment and sentence pursuant to Criminal Procedure Rule #1, F.S.A. ch. 924 Appendix. On May 31, 1966, .appellant’s motion was denied without a hearing. The appellant filed his notice of .appeal in proper person and thereafter the •office of the Public Defender was appointed to assist the appellant in the prosecution of this appeal.
Appellant in his assignment of •errors alleges that he made an oral and •signed confession out of a fear of his past record, that the arresting officers illegally searched his house and that he was arrested without a warrant. In consideration of the record on appeal, particularly appellant’s plea of guilty at his own insistence when represented by counsel, the assignments of error alleged herein are both illogical and inconsistent. It is clear from :an examination of the record that appellant’s assignment of errors are insufficient to sustain a collateral attack on the judgment and sentence. As was stated in Childs v. State, Fla.App.1966, 190 So.2d 605, at 606:
“A voluntary plea of guilty waives any defects not jurisdictional in a criminal case.”
Therefore, appellant is entitled to no relief and the lower court was correct in denying appellant’s motion.
Affirmed.
ALLEN, C. J., and LILES, J., concur.