201 So.2d 834 (1967)
Walter Berry THOMAS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 7487, 7488.
District Court of Appeal of Florida. Second District.
August 9, 1967.
*835 Walter Berry Thomas in pro. per.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Walter Berry Thomas, represented below by the public defender, entered pleas of not guilty to an escape charge and to two other charges. At a subsequent proceeding, at which he was again represented by the public defender, he withdrew those pleas and entered pleas of guilty. He was then adjudged guilty and sentenced to a ten-year term on the escape charge, to run concurrently with the sentences on the other two charges. Some seventeen months later he filed a motion pursuant to Criminal Procedure Rule One, F.S.A. ch. 924 Appendix to vacate the judgment and sentence entered on the escape charge, on the ground that he had not been advised of his right to trial by jury. He now appeals from the order denying his motion.
A voluntary plea of guilty in a criminal case waives any defects not jurisdictional. Hines v. State, Fla.App. 1967, 195 So.2d 605, 606; Childs v. State, Fla. App. 1966, 190 So.2d 605, 606; Williams v. State, Fla.App. 1965, 177 So.2d 736, 738; Gibson v. State, Fla.App. 1965, 173 So.2d 766, 768. The record shows that after the public defender entered the pleas of guilty in appellant's behalf, the court questioned appellant as follows:
"Q. How old are you?
"A. Twenty-five.
"Q. How much education have you had?
"A. Eleventh grade.
* * * * * *
"Q. Are you represented by Mr. Robert Pierce, the Public Defender?
"A. Yes sir.
* * * * * *
"Q. Did you hear him plead guilty for you in each of those cases with your prior knowledge, understanding and approval?
"A. Yes sir.
"Q. Did you enter your plea of guilty voluntarily?
"A. Yes sir.
"Q. Did anybody threaten you in any way to force you to plead guilty?
"A. No sir.
"Q. Did anybody promise you any special consideration to induce you to plead guilty?
"A. No sir.
"Q. Did you understand the significance of a plea of guilty and the possible consequences of a plea of guilty?
"A. Yes sir.
"Q. Did you understand you could be sentenced to prison on your plea of guilty?
"A. Yes sir.
"Q. Have you had an opportunity to talk with Mr. Pierce about your cases?
"A. I have, sir.
"Q. Are you satisfied with the legal service, advice and counsel that he has given you in this connection?
"A. Yes sir."
*836 It conclusively appears that appellant freely and voluntarily entered his plea of guilty to the escape charge with all knowledge and understanding of its effect and possible consequences. In doing so, he waived his right to a jury trial. Smith v. State, Fla. App., 168 So.2d 585, 586, cert. dismissed mem., Fla. 1964, 168 So.2d 146. The court below correctly denied his motion to vacate judgment and sentence.
Affirmed.
LILES, C.J., and SHANNON and HOBSON, JJ., concur.