SHANNON, Judge.
Appellant M. C. Sands pleaded guilty to uttering a forged instrument and was convicted thereof on March 2, 1966. On August 8, 1966, after pre-sentence investigation, he was sentenced to 39 months in prison. On the same day he filed a handwritten “petition and motion to vacate or deferr [sic] judgment, and release from custody until reconsideration and final [disposition of said case,” alleging denial in general of his constitutional rights and the court’s failure to ask him, pursuant to the requirements of Fla.Stat., Sec. 921.07, F.S.A., whether he had any cause to show why sentence should not be pronounced. *142 His motion was denied on August 11, 1966, an on August 26, 1966, he filed a handwritten notice of appeal.
Appellant’s notice of appeal does not state with certainty what is being appealed. The pertinent-portion of it reads as follows:
"Notice is hereby given that a motion on appeal has been made to the District Court of Appeal, Second District, in Lakeland, Florida, to vacate and set aside the judgment and sentence entered and imposed against the above named Defendant-Appellant by the above named Circuit Court of Lee County, Florida, on the 8th day of August, 1966.”
This could be construed as intending to appeal either the judgment and sentence or the order denying the post-conviction motion, if said motion is regarded as having been made pursuant to Fla.R.Crim.P. 1, F. S.A. ch. 924 Appendix.
On September 9, 1966, the court below entered an order determining that the cause presented to it by appellant’s motion to vacate had not been a proceeding under Fla.R.Crim.P. 1, rather that it had been simply a motion as entitled. By this order the court was presumably indicating that it had interpreted appellant’s motion to be in the nature of one for rehearing, the interpretation most favorable to appellant as far as his possible future remedies are concerned. We adopt this interpretation and, accordingly, regard this appeal as being from the judgment and sentence rather than from an order denying a motion made pursuant to Fla.R.Crim.P. 1.
By failing to state with certainty what was being appealed, the notice of appeal failed to comply with the requirements of Fla.App.R. 3.2(c), 32 F.S.A. in effect at the time. By virtue of the same rule, however, such a deficiency is not a jurisdictional defect. Thus this court is not precluded from asserting jurisdiction in this cause.
Appellant’s assertions of error, however, are rendered moot because of his plea of guilty. There is nothing in the record which indicates that his plea of guilty was made other than voluntarily and with full comprehension of its possible consequences (appellant does not contend otherwise), and a voluntary plea of guilty waives all defects which are not jurisdictional or fundamental. Hines v. State, Fla.App.1967, 195 So.2d 605, 606 (arrest without a warrant) ; Dozier v. State, Fla.App.1966, 192 So.2d 506, 507 (arrest without a warrant, interrogation without benefit of counsel, and inadequate representation by counsel at trial) ; Childs v. State, Fla.App.1966, 190 So.2d 605, 606 (arrest without a warrant) ; Williams v. State, Fla.App.1965, 177 So.2d 736, 738 (inadequate representation by counsel at trial) ; Hunter v. State, Fla. App.1965, 174 So.2d 415, 417 (arrest on improper warrant) ; Gibson v. State, Fla.App. 1965, 173 So.2d 766, 768 (interrogation without benefit of counsel); Lee v. State, Fla.App. 1965, 172 So.2d 620, 621 (lack of prompt arraignment). A court’s failure to ask a criminal defendant whether he has any cause to show why sentence should not be pronounced is not fundamental error.
Accordingly, the judgment appealed from is affirmed.
Affirmed.
LILES, C. J., and ALLEN, J., concur.