PER CURIAM.
An information was filed in the Criminal Court of Record in and for Hills-borough County charging defendant, Johnny Leroy Prock, with robbery. Following his arraignment, at which he was represented by counsel, he entered a plea of guilty upon advise and counselling of his attorney. Defendant, with his counsel, appeared before the trial judge on July 19, 1965 and was sentenced to twenty years in the Florida State Penitentiary.
On February 14, 1968, appellant filed a motion to vacate and set aside the judgment pursuant to Rule 1.850 CrPR, 33 F.S.A., which motion was denied without a hearing. On April 15, 1968, appellant in proper person filed his notice of appeal and the public defender was again appointed to represent him.
The appeal is based upon defendant’s allegation that he was coerced into pleading guilty by police officers and that he was not adequately represented by counsel. The record, however, refutes these charges. It is eminently clear that defendant was warned by the trial judge of the conse-sequences of his guilty plea and that he was told of his right to trial by jury. In addition, he advised the trial court that he knew of his rights, that he had been neither threatened nor promised anything in exchange for a guilty plea, and that he was pleading guilty because he was, in fact, guilty.
There is nothing in the record to support the allegation that defendant was coerced into pleading guilty or to substantiate the charge that he was not adequately represented by counsel. The trial *71 court, therefore, properly denied appellant’s motion for post-conviction relief. Thomas v. State, Fla.App.1967, 201 So.2d 834.
LILES, C. J., and ALLEN and MANN, JJ., concur.