BARNS, PAUL D., Associate Judge.
After an adjudication of guilt and sentence upon a criminal charge of forgery, the defendant entered his pro se appeal, after which the public defender entered for him an amended notice of appeal. We affirm.
The point relied on for reversal and supported by stated assignments of error is: The trial court committed reversible error in failing to formally arraign the defendant, thereby informing him of the precise charges against him and allowing him to enter a plea thereto.
The record shows that the defendant Kincaid was first charged with feloniously uttering a forged instrument by Information No. 99721. Upon the call of the case on March 20, 1967, in open court in reply to questioning by the judge, the defendant affirmed that he did not have an attorney and did not want one; that he knew he was charged with uttering a forged instrument; that it was a felony and upon conviction he could receive ten years imprisonment in the state prison and that he intended to plead guilty. Whereupon, the judge announced:
“Have the witnesses for next week and, Mr. Limpus, we will hold off on entering the plea until then.”
On March 27, 1967, on call of the case, the defendant in response to questions by the judge affirmed .that on the prior appearance and arraignment he had waived his right to counsel and he still persisted in such waiver even after being then and there tendered the services of an attorney by the court at no expense to him; whereupon, he entered his plea of “Guilty, Sir”.
Then R. J. Wood was called as a witness who identified himself as an investigator for the Orange County Sheriff’s Department and testified that upon his investigation the check in question was cashed by Mr. Mosly and returned to him by the bank on which it was drawn with the notation “signatures do not agree”. *523 The check purports to have been signed by “Michael B. Garmone” and payable to “Donald Kincaid” and endorsed by “Donald Kincaid”. The investigator testified that Garmone informed him that the check was not made by him but Kincaid had previously been his employee; that Mr. Mosly identified a photograph of Kincaid, obtained by the witness from the Sheriff’s Department, as the person who passed “this check to him”.
Thereupon, the following occurred:
“THE COURT: Do you have any questions of the witness, Kincaid?
“THE DEFENDANT: I would like to say that I did not cash that check and Mr. Phil Rizuto did not give me one penny. I did write it but not with the intention of cashing it.
“THE COURT: Did you see the information, Kincaid?
“THE DEFENDANT: Yes, sir.
“THE COURT: Then it was your intention to plead guilty to a charge of forgery, wasn’t it?
“THE DEFENDANT: Guilty of writing the check without the intention of cashing it.
“THE COURT: You are pleading guilty to the forgery. It will be necessary for the State to file an amended information charging the forgery rather than the passing so we will bring you back next week for sentencing.
“THE DEFENDANT: All right, Your Honor.”
On May 1, 1967, the defendant was before the court for sentencing, after a pre-sen-tence investigation, at which time the judge again informed the defendant of his right to assistance of counsel, which the court would procure at no expense to him, which tender was again refused; then — ■
“THE COURT: Now, Kincaid, on Information No. 99757 you pled guilty to the crime of forgery.
“THE DEFENDANT: Yes, sir.”
Thereupon, the court informed the defendant that the pre-sentence investigation revealed that beginning with desertion from the Army, the defendant’s criminal activities extended to Ohio, West Virginia, Georgia, North Carolina, Pennsylvania, Florida, Tennessee and Texas, which the defendant tacitly admitted and, thereupon, the court imposed a five-year sentence.
Section 908.02, F.S.1967, F.S.A., provides that failure to arraign, nor an irregularity shall affect the validity of any proceedings “if the defendant pleads to the indictment or information or proceeds to trial without objection to such failure or irregularity.” This statutory provision is likewise contained in Rule 1.160(b), Rules of Criminal Procedure, 33 F.S.A. Both provisions follow the decisional law as stated in Padgett v. State, 1934, 117 Fla. 75, 157 So. 186, and a plea of guilty waives all defects and irregularities not jurisdictional and is itself a conviction. Thomas v. State, Fla. App.1967, 201 So.2d 834; Sands v. State, Fla.App.1967, 202 So.2d 141; Hines v. State, Fla.App.1967, 195 So.2d 605. The record on appeal recites that on April 3, 1967 the defendant was arraigned and entered a plea of guilty to Information No. 99757.
The record on appeal fails to show the want of a “formal” arraignment and is consistent with a formal arraignment; however, when the affirmative matters of the record are considered as to his arraignment together with the showing of the defendant’s criminal involvements in this state and many other states, even in event there was no “formal” arraignment, “after an examination of the entire case” it does not “appear that -the error complained of *524 has resulted in a miscarriage of justice” Section 59.041, F.S.1967, F.S.A.
The judgment and sentence appealed from are- — ■
Affirmed.
WALDEN, J., concurs.
OWEN, J., dissents, with opinion.