PER CURIAM.
The plaintiff appeals a summary final judgment for the defendant Board of Public Instruction of Dade County, Florida in a suit brought by the appellant seeking a declaratory judgment, a temporary restraining order and permanent injunctive relief.
The appellant was a student at Miami Killian Senior High School in Miami, Florida. He is a minor and brings this action through his mother and next friend. In his complaint he alleged that he was suspended by the principal of the high school as a result of an alleged fighting incident and that subsequently an additional thirty-day suspension was entered by the County School Superintendent. He complains that the actions were taken without regard to the due process clauses of the Constitution of the State of Florida and the Constitution of the United States.
The plaintiff alleged that he was the representative of a class and the relief he requested for himself and those similarly situated was as follows:
* * * *
“a. That this Court issue a declaratory judgment that the lack of procedure for conduct of thirty (30) day suspension hearings under the school board’s regulations 5114 is unconstitutional as a violation of procedural and substantive due process.
“b. That this Court enter either a temporary restraining order or a preliminary and permanent injunction forbidding the Defendants from suspending Plaintiff or others similarly situated, until such time as a full hearing is afforded and that such hearing allow:
“1. Right to appearance and assistance of counsel if requested.
“2. Right to confront accusers and witnesses testify in person.
“3. Right to have a court reporter present throughout the hearing.
"4. Right to proper notice of charges, hearing date and the names of witnesses with a copy of any written or oral statements made by them.
“5. Right to an impartial hearing examiner.
“6. That all other elements of rudimentary due process in an adversary proceeding be complied with.
“c. That the Court allow them their costs herein, issue an order requiring the school board to expunge all records of the thirty (30) day suspension, and to order the school board to treat all absences under that suspension as excused with full opportunity to make up the work, and grant such further and other relief as the Court may deem proper and just, and to retain jurisdiction in this matter to make any further and other orders which may be required.”
*786 The trial court took extensive testimony of the plaintiff’s mother, the high school assistant principal, and two other witnesses at the time of the hearing on appellant’s application for temporary relief. An order was entered denying the motion for temporary restraining order.
Thereafter, the defendant school board moved to strike the allegations of the complaint alleging a class action. This motion was granted by the court. The defendant school board moved for a summary judgment. After consideration of the pleadings, the testimony taken before the court, the exhibits, and the memoranda of law, the court entered the summary final judgment which is now appealed.
The appellant has presented three points urging error upon the rulings of the trial court. The first point contends that the court erred in granting summary final judgment for the appellee. Appellant does not urge that there is a genuine issue of material fact upon which a further trial should be had. Appellant’s contention is that the court’s factual determination was in error because it found that the school board had complied with the due process clauses of the federal and state constitutions. Appellant relies upon Williams v. Dade County School Board, 441 F.2d 299 (Sth Cir. 1971). The Williams case reversed a judgment adverse to a suspended student in a factual situation similar to the case at bar. The principal imposed a ten-day suspension on the student, following which an additional thirty-day suspension was approved by the County School Superintendent without a hearing. The Court of Appeals held that additional proceedings should be conducted in the District Court because it appeared from the record that the penalty had been imposed without affording proper notice of the charges, without attempting to ascertain accurately the facts involved, and without giving the student an opportunity to present his side of the case. In so holding the court said:
* * * * * *
“We realize, of course, that it is not necessary that students be given the kinds of procedural protections reserved for those accused of serious crime. Nevertheless, we feel that a penalty of this magnitude ought not be imposed without proper notice of the charges, and at least an attempt to ascertain accurately the facts involved and to give the student an opportunity to present his side of the case.”
******
From the testimony taken before the trial court it appears that Harold Robinson left his own school and in the company of another boy went to Richmond Heights Junior High School. At Richmond Heights he assaulted a student of that school while in the school boys’ room. The appellant admitted these facts at a hearing before the assistant principal at which his mother was present.
Mrs. Robinson was first notified that her son was suspended for ten days and that she should contact the school. Later, she was given written notice that a hearing would be held on the ten-day suspension and that a possibility existed that the school principal would recommend a further thirty-day suspension. Mrs. Robinson was not satisfied with the time set for the hearing and at her request it was held at a time more convenient to her. At the hearing, the appellant confessed his part in the assault as above mentioned. No further investigation of the incident was requested by Mrs. Robinson or the appellant. No one suggested that additional witnesses were available or needed.
The principal did in fact recommend an additional thirty-day suspension and the suspension was imposed by the County School Superintendent. Mrs. Robinson was informed that she should contact the County Superintendent’s office if she wished to pursue her request that the suspension be lifted. The appellant was not *787 in fact suspended from school, but was suspended from his own more convenient school and assigned to another school so that he could continue his studies. He did in fact, enroll at the new school. Subsequently, this complaint was filed in the circuit court.
The decision in the Williams case upon which appellant relies does not hold that the presence of counsel and other rights guaranteed a defendant accused of a crime are necessary for due process in a hearing before a school principal. Indeed, to impose such requirements from the criminal law upon a hearing before a school principal would be unrealistic and illogical. The imposition of such requirements would require nothing less than a full-fledged trial before a child could be disciplined at the school level. If the teaching personnel were to be required to conduct this type of trial prior to every disciplinary action, then there would be little time left for the teaching process. We hold therefore that the appellant was not deprived of due process of law at the time of the hearing before the high school assistant principal.
Plaintiff admitted at the hearing that he committed an assault upon another student. It is an established principle of criminal law that a voluntary plea of guilty waives any defect not jurisdictional. Thomas v. State, Fla.App.1967, 201 So.2d 834; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Moreover, it has been held in reference to student suspensions that where there is no dispute over whether a student violated a rule, no constitutionally-required purpose would be served by more formal procedures. Farrell v. Joel, 437 F.2d 160 (2 Cir.1971).
Having determined that the trial court correctly entered the summary final judgment for the Dade County School Board upon the undisputed facts in this case, it is unnecessary to go further and consider appellant’s contentions that (1) the court erred in denying temporary relief and (2) the court erred in failing to consider his action a class action.
Affirmed.