597 So.2d 406 (1992)
Bennie McARTHUR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2853.
District Court of Appeal of Florida, First District.
April 20, 1992.
*407 Bennie McArthur, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Appellant Bennie McArthur appeals the denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. As the basis for his motion, appellant alleged that failure to arraign him in a timely manner constituted a denial of his right to due process of law, and failure to dismiss the charges against him was error, when the victim advised she did not wish to press charges. In addition, appellant alleged he "was forced or convinced to enter a plea of guilty" so he could get out of jail. We affirm.
This case arose in the context of appellant's guilty plea to a charge of aggravated battery, for which he received a sentence of eighty-seven days, representing the time he served in county jail prior to entry of his plea. The factual allegations of the motion reflect that appellant was arrested on April 17, 1990, for the battery of his live-in girl friend, and was confined in jail for sixty-seven days before charges were filed against him. The motion further alleged that when the victim informed the state attorney's office she did not wish to prosecute, the case should have been dropped. As a final point, the motion alleged that appellant entered his plea in order to get out of jail.
At the outset, the motion for post-conviction relief shows on its face that appellant had served the sentence under attack. However, the record reflects that at the time he filed the instant motion, appellant was incarcerated in the Madison Correctional Institute in Madison County, Florida. For purposes of Florida Rule of Criminal Procedure 3.850, a prisoner seeking post-conviction relief need not be in custody under the sentence attacked, provided he contends "the sentence he is serving was enhanced by the conviction he seeks to have set aside." Wall v. State, 525 So.2d 486, 487 (Fla. 1st DCA 1988). See also State v. Reynolds, 238 So.2d 598 (Fla. 1970). Since appellant in this case has not alleged that the challenged battery conviction is being used to enhance his current sentence, he has failed to satisfy the threshold requirement for entitlement to post-conviction relief.
Nevertheless, in the interest of judicial economy, so as to preclude the filing of a successive motion predicated on the same asserted grounds for relief, modified only by the requisite jurisdictional allegation, a brief discussion of the merits of appellant's claims is warranted. As to appellant's first asserted basis for relief, the purpose of an arraignment is to inform the accused of the nature of the charges against him, and to afford him an opportunity to plead. Ex parte Livingston, 116 Fla. 640, 156 So. 612 (1934). A plea of guilty waives all defects and non-jurisdictional irregularities in the arraignment procedure. Fla.R.Crim.P. 3.160(b);[1]Byrd v. *408 State, 380 So.2d 457, 460 (Fla. 1st DCA 1980), cert. denied, 398 So.2d 1352 (Fla. 1981). Appellant in this case has not alleged that due to irregularity or defect in the arraignment process, he was unaware of the nature of the charge against him, or that such defect resulted in a miscarriage of justice. See Kincaid v. State, 227 So.2d 522, 523-524 (Fla. 4th DCA 1969). By virtue of his guilty plea, appellant waived any defect or irregularity.
As to appellant's second point, the decision to initiate criminal prosecutions for felonies rests with the state attorney, not the victim. "When a prosecuting attorney files an information against a defendant, he conclusively determines that the evidence is adequate to establish probable cause to put the defendant on trial." State ex rel. Hardy v. Blount, 261 So.2d 172, 174 (Fla. 1972). The thrust of appellant's argument on this point is that he should not have been charged in a domestic dispute where the victim advised the state attorney's office that she did not wish to prosecute. Since the decision to charge was the prerogative of the prosecutor, the argument is unavailing. Moreover, appellant's bare assertion that he was "forced or convinced" to enter a guilty plea so he could get out of jail is facially insufficient to demonstrate entitlement to relief.
Accordingly, the order denying the motion for post-conviction relief is affirmed.
ZEHMER and KAHN, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.160(b), provides:

(b) Effect of Failure to Arraign or Irregularity of Arraignment. Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the defendant pleads to the indictment or information on which the defendant is to be tried or proceeds to trial without objection to such failure or irregularity.