977 So.2d 614 (2008)
STATE of Florida, Appellant,
v.
Gary GREAUX, Appellee.
No. 4D07-1662.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
*615 Bill McCollum, Attorney General, Tallahassee and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellee.
MAY, J.
The State appeals the trial court's sua sponte dismissal of domestic violence charges against the defendant. It argues the trial court erred in sua sponte dismissing the charges. We agree and reverse.
The State charged the defendant with two counts of domestic violence against his wife: (1) domestic aggravated assault with a deadly weapon; and (2) domestic battery. The charges arose out of an incident in which the defendant allegedly threw the victim's cell phone at her while she was in bed and forcefully pushed her head into the pillow. He then threatened her with a stun gun, grabbed her by the ankle, and dragged her out of bed.
At the case disposition/discovery hearing, the prosecutor explained that a plea offer had been extended to the defendant and that the victim no longer wished to prosecute. The trial court had the victim sworn in. The victim admitted calling the police and making a statement, but denied that the defendant hit or threatened her. She denied asking to have the defendant arrested and informed the court that she did not want him prosecuted.
The State then questioned the victim. She admitted the defendant had thrown the cell phone at her and had used his hand to push her head into the pillow on their bed. She further admitted that the defendant went to the closet where he kept a stun gun. She told the trial court that she and the defendant were working on getting the family back together and didn't want to go forward with the prosecution. The court then sua sponte dismissed the case "at the victim's request." The State objected to the dismissal; the trial court suggested that the prosecutor appeal.
The State argues that only the prosecutor has the authority to decide whether to go forward with the prosecution and that the trial court erred in sua sponte dismissing the case. We agree and reverse.
The prosecutor has the sole discretion to charge and prosecute criminal acts. McArthur v. State, 597 So.2d 406, 408 (Fla. 1st DCA 1992). This discretion is not affected by a victim's change in desire to prosecute. Id. It is not altered by a victim's refusal to testify. State v. Bryant, 549 So.2d 1155, 1155 (Fla. 3d DCA 1989). This discretion is inviolate "[n]otwithstanding the court's belief that the best interests of the public and the parties would be served by dismissal." State v. Wheeler, 745 So.2d 1094, 1096 (Fla. 4th DCA 1999).
The defendant argues that the dismissal should be affirmed under the Tipsy Coachman doctrine because the State did not establish a prima facie case against him during the hearing. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999). This argument fails for two reasons.
First, the Rules of Criminal Procedure require that motions to dismiss be in writing, signed by the party or his attorney, served on the opposing side, and contain a certificate of service. Fla. R.Crim. P. 3.190(a). The rule further requires the motion to be brought prior to or at arraignment *616 and "state the ground or grounds on which it is based." Id. at 3.190(a), (b), (c). Here, there was no motion at all, either written or ore tenus.
Second, without a timely, written motion, the State was neither on notice nor required to bear the burden of establishing a prima facie case at the hearing. Nevertheless, the State did elicit testimony from the victim that she had made a statement to the police and that the defendant had thrown the cell phone at her, forced her head into a pillow, and went to the closet to get a stun gun. Had the State been properly placed on notice by a written motion, it may have called other witnesses in support of its prima facie case.
For these reasons, we reverse and remand the case for reinstatement of the charges against the defendant.
Reversed and remanded.
STONE and POLEN, JJ., concur.