DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF HOLLYWOOD,**
Appellant,

v.

**ANTHONY HAYNIE,**
Appellee.

No. 4D21-2847

[April 20, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Deborah Carpenter-Toye, Judge; L.T. Case No. 21001097MO40A.

Douglas R. Gonzales, City Attorney, and Aylin Ruiz, Municipal Prosecutor, Hollywood, for appellant.

No brief filed on behalf of appellee.

MAY, J.

The City of Hollywood appeals the court's *sua sponte* dismissal of a public consumption of an alcoholic beverage charge. It argues the court erred in dismissing the charge because only the prosecutor has the authority to do so. We agree and reverse.

The city charged the defendant with public consumption of an alcoholic beverage in May 2021. The defendant's arraignment was set in August 2021, but he failed to appear. On September 18, the clerk of court rescheduled the hearing and issued a notice that the case was set for a status hearing on October 21, 2021, at 1:30 pm at the Broward County Central Courthouse.

On September 22, 2021, the city emailed the court's judicial assistant regarding the arraignments for two other defendants that were set for the following day, September 23, at 1:30 pm at the Broward County Courthouse. The city explained it had in-person hearings at the Hollywood courthouse every Thursday at 1:30 pm and would be unable to attend.

The city asked if the hearings could be rescheduled or whether it could leave an offer with the court.

The judicial assistant replied that the hearings could not be reset, but the city could appear via Zoom. The city wrote back: "I will log onto [Z]oom as soon as possible after the arraignments at the Hollywood [c]ourthouse but please understand I cannot be in two places at once."

The next day, the trial court conducted arraignments for several in-custody defendants, including the defendant, who was being held in custody for unrelated felony charges and the pending misdemeanor charge. The transcript reveals that before the city joined the hearing, the public defender and trial court addressed the defendant's charges. The public defender told the court: "Yeah. Judge, I . . . see the municipal ordinance case he has . . . as well." The court then asked if the city had called the court yet.

The judicial assistant answered that the city had informed her it had in-person hearings at the Hollywood courthouse that afternoon but would appear via Zoom as soon as possible. Moments later, the city joined the hearing via Zoom. The judge asked the city for its recommendation on the open container charge. The city asked the trial court to repeat the case number but was unable to find the case.

The trial court told the prosecutor: "That's okay. I'm going to handle it." The court asked the defendant whether he wished to plead guilty or no contest. The defendant stated: "I would like to say that that beer was not mine." The trial court stated it accepted his no contest plea.

The trial court then asked the city for a factual basis, but the city explained it was having trouble hearing the court and did not have a factual basis at that time. The trial court said it would dismiss the case. The city objected, stating it did not receive notice of the case but was prepared to make an offer to resolve the matter.

The court then told the city: "I'm going to caution you because my assistant indicated that she spoke to you yesterday." The city replied: "But not on this matter, Your Honor." The city explained it received notice about two other defendants but was unaware of this case. It explained it was prepared to offer a withhold of adjudication and stated that the court did not have authority to dismiss the case. The following exchange occurred:

**Trial Court:** Okay. I note your objection for the record. I also note that you are appearing via Zoom, and you said you were having difficulty hearing me. And all I'm seeing is your ear when you're listening to me; as opposed to seeing you appear on my Zoom courtroom. I recognize you may have more than one place to be at the same time, but I'm certainly open to any kind of coverage or assistance you need as all you have to do is let my assistant know that. But I can't reschedule in-custody cases when we're in a crisis situation that we're in.

**City:** Okay. Your Honor, I --Yes. She did let me know I could appear on Zoom. And like I said, I am having difficulty hearing you. But I – I'm doing my best here, Your Honor. And I am appearing here on Zoom and I am here before you.

And, again, Your Honor, just to resolve the matter, I -- I was only made aware of the two defendants that were in custody today. I understand that they have been reset. And as far as [the defendant] goes, the City would have an objection to the Court dismissing the case --

The court again acknowledged the city's objections but would not accept the State's offer. The court emphasized it was conducting hearings for in-custody defendants pursuant to an administrative order.

**Trial Court:** Ms. Ruiz [counsel for the city], there is an administrative order in place that directs the jail to bring people being held in custody, on misdemeanor cases, directly to the judge upon who the case is scheduled with. So, I have no control over it. There is an administrative order that is directing the jail to produce these bodies in my courtroom because of the pandemic situation that we find ourselves in.[1]

The city tried to explain that it had contacted the court's judicial assistant to inform her about the conflicting hearings, but still the court refused to change its decision. The court dismissed the open container charge. The city now appeals.

The city argues the trial court abused its discretion in dismissing the open container charge without a written or verbal motion by the defendant. We agree. The trial court may adjudicate only those issues properly placed

---

[1] The city states in the Initial Brief that it was unable to find an administrative order as the one described here.

before it. By dismissing the charge, the trial court infringed on the city's discretion to prosecute.

Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *See Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

We have explained that the State has the sole discretion to charge and prosecute criminal acts. *State v. Greaux*, 977 So. 2d 614, 615 (Fla. 4th DCA 2008). "This discretion is inviolate '[n]otwithstanding the court's belief that the best interests of the public and the parties would be served by dismissal.'" *Id.* (alteration in original) (quoting *State v. Wheeler*, 745 So. 2d 1094, 1096 (Fla. 4th DCA 1999)).

In the absence of a statute or motion to dismiss, the decision to prosecute or to dismiss the charges is a determination to be made solely by the State. *State v. Brosky*, 79 So. 3d 134, 135 (Fla. 3d DCA 2012). Dismissal of criminal charges "is an extreme sanction reserved solely for those instances where no feasible alternative exists. The reason that dismissal of criminal charges should be utilized as a last resort is that this sanction punishes the public not the state . . . and results in a windfall to the appellee." *State v. Bonnett*, 985 So. 2d 1194, 1197 (Fla. 3d DCA 2008) (citations omitted) (quoting *State v. L.E.*, 754 So. 2d 60, 61 (Fla. 3d DCA 2000)).

Here, the defendant did not move to dismiss, and no administrative order authorized the trial court to *sua sponte* dismiss criminal charges to expedite cases during the Covid-19 pandemic. After the Governor extended the state of emergency in April 2021, the Florida Supreme Court issued Order No. AOSC21-17, which granted to chief judges the discretion to determine how to best utilize available trial court resources and to facilitate space to conduct in person proceedings. The supreme court directed courts to prioritize in-custody defendants when making this determination. *In Re* Covid-19 Health and Safety Protocols and Emergency Operational Measures for Florida Appellate and Trial Courts, Fla. Admin. Order No. AOSC21-17 (June 4, 2021), https://www.floridasupremecourt.org/content/download/746675/file/AOSC21-17.pdf.

But the order and the amended versions do not expressly provide the courts with discretion to *sua sponte* dismiss criminal charges where the State has determined it will continue to prosecute and the defendant has not moved to dismiss. In prioritizing in-custody defendants, the Florida

4

Supreme Court did not authorize courts to overlook the general rule that only the State may dismiss a charge in the absence of a motion to dismiss.

For this reason, we must reverse for reinstatement of the open container charge, which may be rescheduled for further proceedings after notice to the defendant.

*Reversed and remanded.*

GROSS and CIKLIN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***