531 So.2d 1020 (1988)
STATE of Florida, Appellant,
v.
Richard LUNDY, Appellee.
No. 87-3237.
District Court of Appeal of Florida, Second District.
September 30, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellee.
HALL, Judge.
The state appeals from the trial court's order which dismisses the charge against Richard Lundy. We reverse.
Richard Lundy was charged by information with grand theft on June 7, 1985. Due to the trial court's heavy docket, his trial was continued twelve times. None of these continuances were attributed to the state or Lundy.
On October 26, 1987, the case was again set for trial. On that date the state made its first request for a continuance because four of its witnesses were unavailable. The trial court denied the state's motion for a continuance and sua sponte dismissed the case.
The state appeals and argues that the trial court abused its discretion in denying its motion for a continuance without a showing of prejudice by the appellee and in dismissing the case without making an inquiry as to whether the state would proceed without its witnesses.
Although a trial court has broad discretion to grant or deny a motion for a continuance, we believe the trial court abused its discretion in denying the state's motion and dismissing the case. This was the first continuance requested by the state and Lundy did not make a motion for discharge at the time the trial court dismissed the case.
As we stated in State v. Hamilton, 387 So.2d 555, 556 (Fla. 2d DCA 1980), "dismissal of an otherwise valid information is too extreme a sanction where there is no showing of prejudice or unfairness to the appellee."
Accordingly, we reverse the final order and remand for further proceedings. If upon remand the state fails to present a prima facie case against Lundy, dismissal would then be appropriate.
SCHEB, A.C.J., and DANAHY, J., concur.