GERSTEN, Judge.
This is an appeal from an order of dismissal. S.M.F., a juvenile, was arrested for possession of cocaine and possession with intent to sell. When the case first came to trial, the trial court granted the State’s unopposed motion for continuance. At the next trial setting, the case was called and the defense announced that it was ready for trial. The State advised the court that it was awaiting the arrival of the arresting officer, and the court temporarily passed over the case.
When the court recalled the case, the State announced that the arresting officer had arrived, but that the officer had failed to bring the evidence. The State informed the court that it had sent the officer back to retrieve the evidence and, not incidentally, that the lab technician was not present. The court gave the State approximately half an hour to produce both witnesses.
When the court called the case for the third time, the State requested a continuance because the arresting officer had not arrived and the lab technician was out ill. The State also, anticipating the court’s sua sponte dismissal of the charges, objected to their dismissal. At this juncture, the State obviously had no intention of abandoning *21 its case. The court denied the State’s last-ditch request for a continuance and sua sponte dismissed the charges for lack of prosecution. We reverse.
Because of the resultant immunity from future prosecution of a particular charge, dismissal is a very harsh penalty to impose upon the State and is reserved for those instances where no viable alternative exists. State v. Del Gaudio, 445 So.2d 605 (Pla. 3d DCA), review denied, 453 So.2d 45 (Fla.1984); State v. Lowe, 398 So.2d 962 (Fla. 4th DCA 1981). Procedurally, what could the court have done?
At this point, the trial court had several viable alternatives. In this case, the trial court chose to dismiss the charges for lack of prosecution. Unfortunately, under these circumstances, dismissal was not an appropriate option.
We find less severe alternatives remained open to the trial judge. For example, after the trial court denied the motion for continuance the State could have: 1) entered a nolle prosequi to the charges, having the ability to re-file at some later time; or 2) proceeded to trial then and there without its two witnesses. State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986); State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982). Of course, neither of these two options will relieve the State from its speedy trial requirements, nor alter its burden of proof. Should the State decide to proceed to trial and fail to present a prima facie case, the charges could then be dismissed for insufficient evidence. Similarly, if the State were to fail to timely re-file the charges after announcing a nolle prosequi, the defendant could be discharged under Florida Rule of Juvenile Procedure 8.180.
We are well aware of the frustrations our hard working trial courts face in the day-to-day management of their calendars. We must, however, reverse the order of dismissal and remand.