PER CURIAM.
The state timely appeals the dismissal of three counts against appellee. We reverse.
Appellee was charged by information with grand theft and theft. She moved the trial court for a continuance of the trial date. On the date for which trial had been set, appellee indicated to the trial court that she was prepared to enter a plea. The trial court inquired whether it was left open. The state informed the court that the case had not been up for status conference in the past few days but had one earlier. After more discussion and the conduct of a plea inquiry, the trial court refused the plea and asked the state if it were ready for trial, which it was not, leading to the order of dismissal being appealed.
As the state points out, both parties anticipated the court accepting the plea; ap-pellee did not request a dismissal; and the trial court dismissed sua sponte without considering options available to the state or prejudice to the defendant if trial were continued. The state did not have a chance to move for a continuance. As it notes, it barely had time to enter its objection to the dismissal. The record reveals no prejudice to appellee if continuance were allowed. The trial court did not inquire of appellee if she were ready to proceed.
Dismissal of criminal charges is only an action of last resort where no viable alternative exists. State v. Ottrock, 573 So.2d 169 (Fla. 4th DCA 1991).
Dismissal here constituted an abuse of discretion. See State v. Briggs, 578 So.2d 901 (Fla. 4th DCA 1991); State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986); State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982).
GLICKSTEIN, C.J., ANSTEAD, J., and OFTEDAL, RICHARD L., Associate Judge, concur.