DIAMANTIS, Judge.
The state appeals the trial court’s dismissal of the charge of trespassing on public school grounds[1] filed against appellee following the lower court’s denial of the state’s only motion for a continuance made on the day that this matter was set for an adjudicatory hearing. We reverse.
The state sought its first continuance because an eyewitness was absent. The eyewitness, who, according to the trial court, had been subpoenaed, was in school and could not be present. The trial court stated that “[wjhen we have students in school, they have to come to — here if they’re public school students, but not if they’re a sheriff — in the sheriff’s school.” The trial court then stated “[t]hat case is dismissed also. All right call the next case.”
Dismissal of criminal charges is only an action of last resort where no viable alternative exists. State v. Ottrock, 573 So.2d 169 (Fla. 4th DCA 1991). The reason that dismissal of criminal charges should be utilized as a last resort is that the sanction of dismissal punishes the public, not the state or the witness who fails to appear, and results in a windfall to the appellee. State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984).
The record in this case fails to show any prejudice to appellee, who neither opposed the continuance nor sought a dismissal. The trial court’s decision to dismiss the cause sua sponte foreclosed the state from exercising available alternatives, such as entering a nolle prosequi and refiling the charges or proceeding to trial without the witness. Further, the trial court failed to determine whether there would have been any prejudice to appellee in granting the state’s motion for a continuance and charging the same to the state.
Dismissal here constituted an abuse of discretion because the trial court had several viable alternatives available to it without resorting to the extreme sanction of dismissal. State v. Macon, 584 So.2d 218 (Fla. 4th DCA 1991).
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.

. § 228.091, Fla.Stat. (1989).