662 So.2d 430 (1995)
The STATE of Florida, Appellant,
v.
Mordechy COHEN, Asher Devano, and Serge Partouche, Appellees.
No. 95-372.
District Court of Appeal of Florida, Third District.
November 8, 1995.
Robert A. Butterworth, Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellant.
Ronald S. Guralnick, Dania, for appellee, Asher Devano.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
The State appeals the trial court's sua sponte dismissal of criminal charges in response to the State's request for a continuance. We reverse.
Criminal charges should be dismissed only as a last resort when no viable alternatives exist. State v. T.H., 592 So.2d 759 (Fla. 5th DCA 1992); State v. Ottrock, 573 So.2d 169 (Fla. 4th DCA 1991); State v. Wilson, 498 So.2d 1053 (Fla. 4th DCA 1986); State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982). While a trial court has broad discretion in considering a continuance motion, State v. Lundy, 531 So.2d 1020 (Fla. 2d DCA 1988), the trial court abused its discretion in this case by responding with a dismissal. See State v. Macon, 584 So.2d 218 (Fla. 4th DCA 1991); State v. Briggs, 578 So.2d 901 (Fla. 4th DCA 1991).
As this Court has stated, the trial court had several alternatives available other than sua sponte dismissal of the case: (1) deny the continuance motion, but allow the State meaningful opportunity to consider entering a nolle prosequi to the charges; (2) deny the continuance motion, but allow the State to proceed to trial as scheduled without its witness; or (3) grant the continuance motion, as a month remained until the speedy trial time elapsed and the defendants were not in custody. State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989). Although we appreciate the trial court's frustration in managing its calendar, we must reverse the order of dismissal and remand.
Reversed and remanded.