GRIFFIN, Chief Judge.
P.G., a child, timely appeals a final order adjudicating him delinquent for resisting arrest without violence.
P.G. was arrested on September 7, 1996 for battery and resisting arrest without violence. He was initially charged with battery in a petition for delinquency filed on October 17, 1996. After the expiration of the ninety-day speedy trial period provided by Florida Rule of Juvenile Procedure 8.090(a) and without any motion for discharge being filed by P.G., the state nolle prossed the battery.
On January 13, 1997, the state filed a new petition charging P.G. with resisting an officer without violence based on the September 7,1996 offense. Defense counsel then filed a motion for discharge under the speedy trial rule. The motion was heard by the court prior to an adjudicatory hearing set for April 22, 1996. The judge denied the motion because no motion for discharge had been filed by P.G. before the state had nolle prossed the original battery charge. The lower court apparently concluded that this acted as a waiver of the speedy trial period, and permitted the filing of a new petition by the state without reference to the speedy trial rule. Upon the denial of his motion for discharge,. P.G. pled guilty, reserving the right to appeal the denial of his motion for discharge.
The issue on appeal is whether P.G. was entitled to discharge under Florida Rule of Juvenile Procedure 8.090. The rule provides generally that every child charged with a delinquent act shall be brought to an adjudicatory hearing without demand within ninety days of the earlier of the date the child was taken into custody or the date the petition was filed. Fla. R. Juv. P. 8.090(a). A juvenile charged with a delinquent act can accelerate the time even more by filing a demand for speedy trial, but the demand must be served within 60 days after being charged, and trial must then begin no sooner than 5 days after the demand and not later than 50 days from the demand. Fla. R. Juv. P. 8.090(g), (I). If the juvenile makes no demand, however, the ninety days applies. See P.S. v. State, 658 So.2d 92 (Fla.1995); State v. T.W., 679 So.2d 69 (Fla. 4th DCA 1996). The time limitations contained in the rule cannot be avoided by the filing of a nolle prosequi by the prosecutor. Id.; Fla. R. Juv.P. 8.090(1).
In P.S., the state filed a petition for delinquency which it nolle prossed on the final day of the ninety-day period. The following day, it refiled the petition. The defendant then filed a motion for discharge, alleging that the ninety-day period provided by the rule had run. The state responded that it was allowed the fifteen-day recapture period provided for in subsection 8.090(j) of the rule, although no motion for speedy trial had apparently been made by the juvenile. The court disagreed, stating:
The recapture or window period provided for in rule 8.090(j) was not intended to permit the State to file, or to refile, charges against a defendant after the 90-day speedy trial time provided in the rule has expired, and then to bring the defendant to trial on the new charges in fifteen days or less. Contrary to the holding below, the speedy trial period has not been expanded to 105 days.
658 So.2d at 94.
In this case, P.G. was taken into custody for resisting arrest on September 7, 1996. Accordingly, the ninety-day period ran on December 6, 1996. The sole distinction between P.S. and this case is that in this case the state entered a nolle prosequi after the ninety-day period had run.
*190 To begin with, it is hard to envision how a juvenile’s failure to file a motion for discharge before a nol pros would operate as a waiver. The failure to file a motion for discharge prior to the state’s filing of a nolle prosequi is not, moreover, among the reasons for waiver cited in the rule, and none of the waiver provisions of the rule appear to apply in this case. See Fla. R. Juv. P. 8.090(d) and (f). The rule specifically provides that the ninety-day period is to be applied “without demand,” which suggests that the failure to request a discharge does not act as a waiver. Additionally, permitting the state to avoid the ninety-day period provided for in the rule simply because a juvenile has filed no motion for discharge would violate subsection (l) of the rule, which prohibits the state from avoiding the time limitations of the rule by filing a nolle prosequi. Based upon the foregoing, we reverse the order adjudicating P.G. guilty of resisting arrest without violence and remand for a discharge of the defendant.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.