PER CURIAM.
The State appeals the trial court’s dismissal of battery charges against J.G. (“defendant”). We reverse.
The State filed a petition of delinquency against the defendant on April 17, 1998, alleging that he committed a battery upon a three-year-old child. Trial was set for July 1, 1998. On that date, the State initially indicated that it was ready to proceed, but then asked for a continuance because the prosecutor was unable to locate some of the State’s witnesses. The trial court granted the State’s request and rescheduled the trial for July 22, 1998, noting that no more continuances would be granted.
On July 17, 1999, the defendant moved for a discharge on the ground that the 90-day speedy trial period had elapsed. The motion was deemed well taken by the State and the court, and the case remained set for July 22nd. On that date, the State indicated that it still had not located its witnesses and once again requested a continuance within the ten day window period provided by the speedy trial provisions of Florida Rule of Juvenile Procedure 8.090(m)(3). Noting its prior warning, however, the trial court denied the State’s motion for a second continuance and dismissed the charges against the defendant for lack of prosecution. The State appeals.
Dismissal of criminal charges is an extreme sanction reserved only for those instances where no viable alternative exists. See State v. Cohen, 662 So.2d 430 (Fla. 3d DCA 1995); State v. T.H., 592 So.2d 759 (Fla. 5th DCA 1992); State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989). Viable alternatives to dismissal where the State cannot locate a witness often include: granting a continuance; denying a continuance and permitting the State an opportunity to enter a nolle prosequi and re-file the petition at a later date, and; denying a continuance and permitting the State an opportunity to proceed without its witnesses. See State v. Cohen, 662 So.2d at 430; State v. S.M.F., 546 So.2d at 21.
Here, however, the trial court’s options were limited by the fact that the 90-day speedy trial period had expired. The expiration of this period rendered the entry of a nolle prosequi for purposes of refiling the petition impossible. See P.S. v. State, 658 So.2d 92 (Fla.1995); P.G. v. State, 711 So.2d 188 (Fla. 5th DCA 1998).
The trial court’s options were further limited by the fact that the State indicated that it could not proceed without its missing witnesses. The only viable alternative to dismissal, therefore, was to grant a continuance.
In order to obtain a continuance due to the unavailability of a witness, the movant must show:
(1) prior due diligence to obtain the witness’s presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice.
Geralds v. State, 674 So.2d 96, 99 (Fla.), cert. denied, 519 U.S. 891, 117 S.Ct. 230, 136 L.Ed.2d 161 (1996). It follows that the trial court must consider these factors *86 in determining whether to grant a continuance.
The trial court did not do so here. Instead, it turned a deaf ear to the State’s arguments and simply noted that it had previously warned that it would not grant any further continuances. The trial court abused its discretion in this regard. See Geralds v. State, 674 So.2d at 99.
“Where the State requests a continuance due to the unavailability of a witness and the delay would not prejudice the defendant, a dismissal constitutes an extreme, sanction if less severe alternatives exist.” State v. R.P., 620 So.2d 795 (Fla. 3d DCA 1993). A ten day continuance certainly would have been a less severe alternative to dismissal. The trial court should have, at the very least, considered the State’s request.
Reversed.