754 So.2d 60 (2000)
STATE of Florida, Appellant,
v.
L.E., a juvenile, Appellee.
No. 3D99-793.
District Court of Appeal of Florida, Third District.
March 1, 2000.
Robert A. Butterworth, Attorney General, and Regine Monestine, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Bruce Rosenthal, Assistant Public Defender, for appellee.
Before GERSTEN, GREEN and SHEVIN, JJ.
PER CURIAM.
The state appeals the trial court's sua sponte dismissal of its grand theft case against the appellee, L.E., following the failure of a state witness to appear pursuant a show cause order. We reverse.
After one of the state's witnesses in this cause, Luis Arce, failed to appear for his deposition, an order to show cause was issued requiring Mr. Arce to appear before the court to explain why he should not be declared in contempt of court. When Mr. Arce failed to appear at the time noticed, counsel for L.E. moved to excuse him as a witness. The state asked the court to wait and explained that it was in the process of contacting Mr. Arce as it is the policy of its office to place witnesses on standby until a case is called. The trial court not only excluded this witness but summarily dismissed this case and bidded the parties adieu.
The state appeals and argues that the court's summary dismissal of this case *61 without consideration of viable alternatives was an abuse of discretion. We entirely agree and reverse.
This court has repeatedly stated that the dismissal of criminal charges is an extreme sanction reserved solely for those instances where no feasible alternative exists. See State v. J.G., 740 So.2d 84, 85 (Fla. 3d DCA 1999); State v. Cohen, 662 So.2d 430 (Fla. 3d DCA 1995); State v. S.M.F., 546 So.2d 20, 21 (Fla. 3d DCA 1989). The reason that dismissal of criminal charges should be utilized as a last resort is that this sanction punishes the public not the state or the witness who fails to appear, and results in a windfall to the appellee. See State v. T.H., 592 So.2d 759, 760 (Fla. 5th DCA, 1992) (citing State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA) rev. denied, 453 So.2d 45 (Fla.1984)).
In summarily dismissing this case, the trial court first of all granted relief to L.E. which had not been requested. More importantly, it foreclosed the state from exercising available alternatives, such as entering a nolle prosequi and refiling the charges or proceeding to trial without the witness, see T.H., 592 So.2d at 760. Under these circumstances, we thus conclude that the dismissal constituted an abuse of discretion.
Reversed and remanded.