796 So.2d 1247 (2001)
STATE of Florida, Appellant,
v.
Frank Walter COOK, Appellee.
No. 5D00-3749.
District Court of Appeal of Florida, Fifth District.
October 12, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant.
James F. Cummins, Inverness, for Appellee.
PETERSON, J.
The State of Florida sought the continuance of a violation of probation hearing when its sole witness, a Massachusetts' probation officer, was unable to travel to Florida to testify at the hearing due to inclement weather conditions. The trial court denied the continuance on the ground that the court had previously announced that no continuances would be granted. The court then dismissed the case sua sponte.
In order to obtain a continuance due to the unavailability of a witness, the movant must show:
(1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice.
State v. J.G., 740 So.2d 84, 85 (Fla. 3d DCA 1999) (citing Geralds v. State, 674 *1248 So.2d 96, 99 (Fla.1996)). The record undisputedly reveals that the State was entitled to a continuance in the instant case based on the above factors. We also find that the dismissal of the State's case sua sponte was an abuse of judicial discretion. See, e.g., State v. Lundy, 531 So.2d 1020 (Fla. 2d DCA 1988) (trial court abused its discretion in denying State's first motion for continuance of prosecution of defendant based on witness unavailability and in dismissing charges when defendant did not move for a discharge); see also State v. Pope, 675 So.2d 165 (Fla. 3d DCA 1996) (it is not appropriate to sanction State by dismissing case when State witness fails to appear at trial or deposition); State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989) (dismissal of proceeding against juvenile was error, though State had already received several continuances to produce witnesses, in that court had less severe alternatives).
REVERSED.
THOMPSON, C.J., and PLEUS, J., concur.