KLEIN, J.
The state asks us to review by certiorari a decision of the circuit court, sitting in its appellate capacity, which affirmed a dismissal of DUI and related traffic violations. The county court dismissed the case for prosecutorial misconduct, the facts of which are not relevant.
The county court’s dismissal was affirmed in an opinion by the circuit court, which found no abuse of discretion in the dismissal of the charges. The state apparently acknowledges that abuse of discretion was the standard of review because that standard was applied in at least two of the cases relied on by the state, State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982), and State v. J.G., 740 So.2d 84 (Fla. 3d DCA 1999).
Our standard of review of a decision of a circuit court sitting in its appellate capacity is whether there has been a violation of clearly established principles of law resulting in a miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000) and cases cited. Where, as here, the standard of review in the circuit court sitting in its appellate capacity is abuse of discretion, it is difficult to conceive how an affirmance by the circuit court could ever be the serious type of error contemplated by Ivey, Haines City Comty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995), and Combs v. State, 436 So.2d 93 (Fla.1983). We therefore deny the petition.
FARMER and MAY, JJ., concur.