864 So.2d 506 (2004)
Darius SAINTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1521.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Darius Sainte was tried by jury and found guilty of robbery with a firearm of a beauty supply store. Sainte appeals his conviction, arguing (1) that the trial court should have granted his mid-trial motion for continuance and afforded him the opportunity to secure the attendance of an alibi witness and (2) that the trial court should have granted his motion to strike the entire venire as a consequence of remarks made by a prospective juror.
*507 We affirm Sainte's conviction and write to briefly address the motion for continuance.
When seeking a motion for continuance due to the absence of a witness, a defendant is required to demonstrate
(1) prior due diligence to obtain the witness' [sic] presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify[;] and (4) that the denial of the continuance [would] cause[] material prejudice.
Smith v. State, 762 So.2d 929, 931 (Fla. 4th DCA 2000), review denied, 786 So.2d 1188 (Fla.2001).
In this case, defense counsel's only attempt at satisfying this four-part test was the following statement:
I spoke to [Ms. Seanant] yesterday, she said that she was going to be here today at 1:00 o'clock. I know it's now 2:00 o'clock, but based upon the severity of the case, and the fact I know there are defense witnesses out there, I seek to just have our witness list, for whatever reason, I'm requesting a defense continuance on behalf of Mr. Sainte.
No attempt was made to indicate or proffer the nature of the missing witness's testimony nor did counsel suggest that such testimony would be any different than that of Mr. Pierrean alibi witness who was present and ready to testify. Under these circumstances, we find no abuse of discretion in the trial court's denial of the motion for continuance. See Collins v. State, 839 So.2d 862, 864 (Fla. 4th DCA 2003)(holding that trial court's denial of motion for continuance should not be reversed absent an abuse of discretion).
AFFIRMED.
WARNER and GROSS, JJ., concur.