VILLANTI, Judge.
The State appeals the dismissal of its case in which Freddy Colon was charged with possession of cocaine and possession of a controlled substance. Colon entered a not guilty plea on February 12, 2004. The defense requested one continuance on April 20, 2004, and asked for another on July 15, 2004, because it was having difficulty serving Seminole Police Department officers and a Seminole Hard Rock Casino security guard with subpoenas, and the officers had failed to appear for depositions. The State agreed to a continuance, offering to assist in producing the witnesses. But, instead of granting the second continuance request, the trial court inexplicably dismissed the case over the State’s objection.
Although a trial court has broad discretion to grant or deny a motion for a continuance, the trial court abused its discretion in dismissing the case against Colon. “[Djismissal of criminal charges is an extreme sanction reserved solely for those instances where no feasible alternative exists.” State v. L.E., 754 So.2d 60, 61 (Fla. 3d DCA 2000); accord, State v. Lundy, 531 So.2d 1020 (Fla. 2d DCA 1988). Here, Colon did not even ask for dismissal of the charges; he moved for a continuance to allow the State to assist in producing the witnesses. By dismissing the case against Colon, the court granted relief Colon had not requested and foreclosed the State from exercising available alternatives. Therefore, we reverse the trial court’s dismissal and remand for further proceedings.
Reversed; remanded for further proceedings.
NORTHCUTT and LaROSE, JJ„ Concur.