COHEN, J.
The issue on appeal is whether the trial court abused its discretion in denying the appellant’s motion for continuance. We find it did. not and affirm.
Appellant, Leverett Smith, was charged with DUI manslaughter, vehicular homicide, and driving while license suspended causing serious bodily injury or death, stemming from an accident that occurred on August 10, 2003. Charges were formally filed on May 4, 2004, and an arrest made in early July, 2004. Trial was originally set for October 11, 2004. Over nine continuances later, the case was set for trial on a special docket beginning May 14, 2007 — over three years since Appellant’s arrest and almost four years since the accident.[1] The Friday before trial, Appellant’s counsel argued yet another motion to continue. The basis for this latest motion was that the defense’s accident reconstruction expert was unavailable due to his daughter’s college graduation. Noting that the case was “ancient”, the trial court[2] denied the continuance, but gave Appellant the option of calling his expert at any time during the course of the trial to accommodate the family obligation. Notwithstanding, he did not call his expert at trial.
To obtain a continuance based on the unavailability of a witness, the movant must show prior due diligence in obtaining the witness’ presence; the witness would offer substantially favorable testimony; the witness was available and willing to testify; and material prejudice if the continuance is denied. State v. Cook, 796 So.2d 1247 (Fla. 5th DCA 2001).
In the case at bar, Appellant was not prejudiced by the denial of his motion to continue. Specifically, the absence of Appellant’s expert did not hamper his ability to develop his defense of lack of causation. At trial, Appellant argued that he did not cause the accident because a vehicle U-turned in front of his vehicle, causing him to swerve, lose control, and crash.[3] *1243 However, the existence of a U-turning car was not in dispute. In fact, that driver testified at trial. Furthermore, a number of witnesses testified to the high speed and reckless nature of the Appellant’s driving, as well as to his impairment. Given the evidence, it is apparent that the jury rejected Appellant’s causation defense.
The lack of prejudice notwithstanding, Appellant also failed to proffer the expert’s testimony at the hearing on the motion for continuance or at trial. Without such a proffer, there was no way to determine whether the expert would offer substantially favorable testimony, even assuming that the expert had relevant information to offer. Consequently, Appellant’s motion for continuance was also properly denied on this basis. See Sainte v. State, 864 So.2d 506, 506 (Fla. 4th DCA 2004).
The decision to grant or deny a continuance is within the sound discretion of the trial judge. Hernandez-Alberto v. State, 889 So.2d 721, 730 (Fla.2004). Defense counsel had four weeks’ notice of the trial date. No effort was made to perpetuate the testimony, even assuming that the witness communicated the conflict in a timely manner to defense counsel. Appellant has not demonstrated any abuse of the court’s discretion, and we therefore AFFIRM.
PLEUS and EVANDER, JJ„ concur.

. Towards the end of the case, motions for continuance ceased being filed. Instead, status conferences were set, and the case rolled from one docket to the next. Appellant requested most, but not all, of the continuances.

. The judge who tried the case was not the one who had been handling the case over its long and tortured history, which included a period of time when Appellant failed to appear for trial and was on capias status.

.The decedent was a passenger in Appellant’s vehicle.