985 So.2d 1194 (2008)
The STATE of Florida, Appellant,
v.
Trisha Nicole BONNETT, Appellee.
No. 3D07-1654.
District Court of Appeal of Florida, Third District.
July 9, 2008.
Bill McCollum, Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellee.
Before COPE, RAMIREZ, and WELLS JJ.
WELLS, Judge.
The State appeals from an order dismissing a theft charge against Trisha Nicole *1195 Bonnett entered after the State refused to stipulate to a factual basis for a plea. We reverse because the factual basis for the plea had already been spread on the record by the State and agreed to by Bonnett by the time the State was asked to stipulate, and because dismissal as a sanction for the State's refusal to stipulate was too harsh a sanction in this case.
Bonnett was charged by information with a single count of theft:
TRISHA NICOLE BONNETT, on or between April 12, 2007 and April 23, 2007 . . . did unlawfully and knowingly obtain or use, or did endeavor to obtain or use perfumes and/or grocery and/or cookware and/or bedding and/or clothing value of three hundred dollars ($300.00) or more, but less than five thousand dollars ($5000.00), the property of Walmart and/or Beth Rivera, as owner or custodian, with the intent to either temporarily or permanently deprive the owner or custodian of the right to the said property or a benefit therefrom, or to appropriate the same to said defendant's own use or the use of a person not entitled thereto, in violation of s. 812.014(1) & (2), Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
After the State announced that it was willing to resolve this charge in exchange for a withhold of adjudication, two years probation, fifty hours of community service, and restitution in the amount of $641.82, the trial court announced that it would not order restitution. After advising the court of the factual basis for its offer, the State withdrew the offer when the trial court reconfirmed its intention not to order restitution:
MR. GIOVANNETTI [THE STATE]: Withhold adjudication, two years reporting probation, $641.82 in restitution, 50 community service hours.
THE COURT: Who is the restitution due to? . . . The Court would not make that a special condition of probation, the restitution. It would be a criminal restitution order.
MR. GIOVANNETTI: Judge, in this case it is not a case where the defendant stole, walked in a store and shoplifted. She was an employee of the store and rang these up for somebody and chose not to charge them.
Walmart may be able to live without the $641. It is not the point. The point is they had an employee/employer relationship, and she betrayed that relationship.
THE COURT: . . . As to the money, she has to provide for the child. If she cannot pay the money, then I will not take her into custody for that.
If Walmart wants to recover the money, then they can recover the money.
Following this exchange, the case was temporarily passed.
When the hearing on this matter resumed, the court asked counsel for Bonnett what his client wanted to do, to which he replied that she wished "to accept." The trial judge swore Bonnett and, over another State objection, conducted the following colloquy:
THE COURT: Ms. Bonnett, do you swear to plead no contest to the charges and have the Court withhold adjudication and suspend execution of sentence?
THE DEFENDANT: Yes.
THE COURT: Do you understand that you don't have to do that? You have the right, if you want to, to have a trial by jury. And if you are not successful at trial to appeal it to a higher court?
THE DEFENDANT: Yes.

*1196 THE COURT: Do you understand, finally, that this is going to close your case. The Court is going to withhold adjudication today and suspend execution of sentence?
THE DEFENDANT: Yes.
THE COURT: If you are not a U.S. Citizen, this could cause you to be deported from the United States, do you understand?
THE DEFENDANT: Yes.
THE COURT: Do you have any question?
THE DEFENDANT: No, sir.
The trial judge then asked the attorneys for the defense and the State to stipulate to the factual basis for the plea the court had just taken. Bonnett's counsel stipulated that a factual basis for the plea existed, but the State refused to participate. Concluding that the State's refusal to participate constituted an admission that no factual basis existed, the charge was dismissed:
THE COURT: Do the attorneys stipulate there is a factual basis for the plea?
MR. BUSTAMANTE [Defense counsel]: So stipulate.
THE COURT: Does the State stipulate?
MR. GIOVANNETTI: No, Judge. We object to the plea.
THE COURT: Do you stipulate there is a factual basis for the plea?
MR. GIOVANNETTI: No. We object to the plea. We are not going to participate in the plea colloquy. If your Honor would like to review the court file and find a factual basis on your own, you are welcome to.
THE COURT: The State finds there is no factual basis for the plea. The Court dismisses the charges.
MR. BUSTAMANTE: Thank you, your Honor.
THE COURT: Okay. There is no withhold. The case is dismissed. The State does not believe there was a factual basis for the plea.
MR. GIOVANNETTI: That's not what I said, Judge.
The trial court thereafter entered a written order dismissing the information with prejudice:
The rules state that the prosecuting attorney "shall apprise the trial judge of all material facts known to the attorney regarding the offense and the defendant's background prior to acceptance of the plea." Fla. R.Crim. P. 3.171(b)(2)(A). Therefore, the Court can infer that there are two explanations for the prosecuting attorney's actions. One is that the prosecuting attorney was willfully refusing to perform his lawful duties. The other, was that there was not a factual basis for the plea. The Court prefers to believe the latter explanation. The State had the responsibility to support the charges, but apparently not enough confidence in their charges to stipulate that there was a factual basis for the plea.
First, during the initial interaction between the State and the trial court regarding the State's plea offer, prosecuting counsel detailed the material facts regarding this offense and the trial court confirmed its knowledge of Bonnett's background. Therefore, it cannot be said that the State's refusal to stipulate to these facts constituted an admission that they did not exist, or justified the dismissal which followed.
Second, while the trial judge certainly could sanction prosecuting counsel for what the judge viewed as counsel's failure to comply with his obligations under Florida Rule of Criminal Procedure *1197 3.171, we cannot agree that the sanction imposed was appropriate. Under the circumstances, dismissal of the charge against Bonnett as a sanction for the State's obstreperousness was unwarranted:
This court has repeatedly stated that the dismissal of criminal charges is an extreme sanction reserved solely for those instances where no feasible alternative exists. See State v. J.G., 740 So.2d 84, 85 (Fla. 3d DCA 1999); State v. Cohen, 662 So.2d 430 (Fla. 3d DCA 1995); State v. S.M.F., 546 So.2d 20, 21 (Fla. 3d DCA 1989). The reason that dismissal of criminal charges should be utilized as a last resort is that this sanction punishes the public not the state or the witness who fails to appear, and results in a windfall to the appellee. See State v. T.H., 592 So.2d 759, 760 (Fla. 5th DCA, 1992) (citing State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA) rev. denied, 453 So.2d 45 (Fla.1984)).
State v. L.E., 754 So.2d 60, 61 (Fla. 3d DCA 2000); see State v. Leon, 967 So.2d 437, 437 (Fla. 4th DCA 2007) ("[W]e agree that reversal is required because the trial court's action in dismissing the case was an abuse of discretion and constituted an improper infringement upon the State's discretion to prosecute."); Dawson v. State, 951 So.2d 931, 933 (Fla. 4th DCA 2007) ("This court has previously held that the dismissal of an information is `an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists.' State v. Lowe, 398 So.2d 962, 963 (Fla. 4th DCA 1981)."); State v. D.W., 821 So.2d 1179, 1180 (Fla. 3d DCA 2002) ("The trial court may adjudicate only those issues or questions which are properly placed before the court, such as occurs when the defendant files a sworn motion to dismiss. See State v. K.L., 626 So.2d 1027 (Fla. 3d DCA 1993); State v. Stewart, 554 So.2d 620 (Fla. 3d DCA 1989).").
Accordingly the order under review is reversed and this matter is remanded for further proceedings consistent herewith.