SUAREZ, J.
 

 The State of Florida seeks to reverse a trial court order dismissing charges against Paul Brosky. We reverse and remand for reinstatement of those charges.
 

 The trial court’s
 
 sua sponte
 
 dismissal of the charges was an abuse of discretion, no matter how frustrated (and rightly so) the trial judge was with both sides over the progress of this matter. Florida case law clearly provides that, in the absence of statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made by solely the State.
 
 State v. Bonnett,
 
 985 So.2d 1194 (Fla. 3d DCA 2008) (finding dismissal of charges as sanction for State’s behavior was reversible error);
 
 State v. Leon,
 
 967 So.2d 437, 437 (Fla. 4th DCA 2007) (“[W]e agree that reversal is required because the trial court’s action in dismissing the case was an abuse of discretion and constituted an improper infringement upon the State’s discretion to prosecute.”);
 
 Dawson v. State,
 
 951 So.2d 931, 933 (Fla. 4th DCA 2007) (“This court has previously held that the dismissal of an information is ‘an action of such magnitude that resort to such a sanction should only be had when no viable alternative exists.”);
 
 State v. L.E.,
 
 754 So.2d 60, 61 (Fla. 3d DCA 2000) (“This court has repeatedly stated that the dismissal of criminal charges is an extreme sanction reserved solely for those instances where no feasible alternative exists.”);
 
 State v. Bryant,
 
 549 So.2d 1155, 1155 (Fla. 3d DCA 1989);
 
 State v. Brown,
 
 416 So.2d 1258 (Fla. 4th DCA 1982);
 
 see also State v. J.G.,
 
 740 So.2d 84, 85 (Fla. 3d DCA 1999);
 
 State v. Cohen,
 
 662 So.2d 430 (Fla. 3d DCA 1995);
 
 State v. S.M.F.,
 
 546 So.2d 20, 21 (Fla. 3d DCA 1989).
 

 The reason that dismissal of criminal charges should be used as a last resort is that this sanction punishes the public, not the State or the witness who fails to appear, and results in a windfall to the appellee.
 
 See, e.g., State v. L.E.,
 
 754 So.2d 60, 61 (Fla. 3d DCA 2000);
 
 State v. T.H.,
 
 592 So.2d 759, 760 (Fla. 5th DCA 1992);
 
 State v. Lowe,
 
 398 So.2d 962, 963 (Fla. 4th DCA 1981).
 

 The prosecutor has the sole discretion to charge and prosecute criminal acts.
 
 McArthur v. State,
 
 597 So.2d 406, 408 (Fla. 1st DCA 1992). This discretion is not affected by a victim’s change in desire to prosecute.
 
 Id,.; State v. Greaux,
 
 977 So.2d 614, 615 (Fla. 4th DCA 2008). It is not altered by a victim’s refusal to testify.
 
 State v. Bryant,
 
 549 So.2d 1155, 1155 (Fla. 3d DCA 1989). This discretion is inviolate “notwithstanding the court’s belief that the best interests of the public and the parties would be served by dismissal.”
 
 State v. Cleveland,
 
 390 So.2d 364, 367 (Fla. 4th DCA 1980), approved, 417 So.2d 653 (Fla.1982);
 
 State v. Wheeler,
 
 745 So.2d 1094, 1096 (Fla. 4th DCA 1999). Similarly, the decision to prosecute does not lie with the victim of a crime.
 
 McArthur,
 
 597 So.2d at 408;
 
 Bryant,
 
 549 So.2d at 1155;
 
 Brown,
 
 416 So.2d at 1259.
 

 
 *136
 
 Further, Florida Rule of Criminal Procedure 3.190(c)(4) enumerates the grounds upon which the court may entertain a motion to dismiss. None of these grounds are present in this matter. Without a motion to dismiss the charges, the decision to nolle pros an information is vested solely in the discretion of the State.
 
 See In the Interest of S.R.P.,
 
 397 So.2d 1052 (Fla. 4th DCA 1981);
 
 State v. Braden,
 
 375 So.2d 49 (Fla. 2d DCA 1979). There was no motion to dismiss the pending charges. We therefore reverse the order of dismissal and remand for reinstatement of the charges against the defendant.
 

 Reversed and remanded.