# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1875
Lower Tribunal No. B22-20916
_____

**City of Miami Beach,**
Appellant,

vs.

**Victor Guyton,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General; Ricardo J. Dopico, City Attorney, City of Miami Beach, and Robert F. Rosenwald, Jr., Chief Deputy City Attorney, and Woody Clermont, Assistant City Attorney, for appellant.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.

Before EMAS, LOBREE and BOKOR, JJ.

EMAS, J.

The City of Miami Beach appeals from a trial court order dismissing a criminal charge against Victor Guyton for urinating in public, a violation of section 70-42 of the City of Miami Beach Code of Laws and Ordinances. Because the trial court did not have the authority to dismiss the charge under the circumstances presented, we reverse the order of dismissal and remand the case for further proceedings.

The relevant facts are not in dispute: Guyton was arrested and taken into custody on Friday, October 21, 2022, and charged by arrest affidavit with urinating in public. Guyton remained in custody, and his first appearance hearing was held the following day (Saturday, October 22). When Guyton's case was called, the municipal prosecutor was not present, and there is no evidence in the record that the City received notice of the proceeding. The assistant public defender moved for dismissal based on the municipal prosecutor's absence from the proceeding, positing that if his client (i.e., the defendant) was not present in court, the court would issue a bench warrant. The first appearance judge announced he was granting the motion and entered a dismissal of the charge. The trial court stamped the arrest affidavit "DISMISSED JAIL ARR."

The City appealed[1] and asserts that, under the circumstances presented, the trial court was without authority to dismiss the charge against Guyton, and that doing so "constituted an improper infringement upon the State's discretion to prosecute." State v. Leon, 967 So. 2d 437, 437 (Fla. 4th DCA 2007). See also State v. Brosky, 79 So. 3d 134, 135 (Fla. 3d DCA 2012) (reiterating that "in the absence of a statute or a proper motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made solely by the State"); State v. Bonnett, 985 So. 2d 1194 (Fla. 3d DCA 2008) (finding dismissal of charges as sanction for prosecutor's behavior was reversible error); State v. L.E., 754 So. 2d 60, 61 (Fla. 3d DCA 2000) ("This court has repeatedly stated that the dismissal of criminal charges is an extreme sanction reserved solely for those instances where no feasible alternative exists. The reason that dismissal of criminal charges should be utilized as a last resort is that this sanction punishes the public not the state or the witness who fails to appear, and results in a windfall to the appellee.")

---

[1] The City filed a notice of appeal on October 28, 2022, and thereafter a motion to relinquish jurisdiction to the trial court for rendition of a written order. This court granted the motion, and a written order was rendered on March 15, 2023, nunc pro tunc to October 22, 2022.

On appeal, Guyton does not contest the law on this issue, but argues the error was not preserved because the City failed to raise an objection to dismissal in the trial court during the relinquishment period, instead sending the trial court a proposed order of dismissal to allow the appeal to proceed. Given the narrow scope of our relinquishment order however,[2] the City did precisely what it was authorized to do (obtain a written order of dismissal from the trial court) and could not lodge an objection to (or seek rehearing of) the trial court's oral pronouncement dismissing the charge against Guyton. See Ward v. State, 405 So. 2d 503 (Fla. 2d DCA 1981) (the filing of a notice of appeal from a final order vests exclusive jurisdiction in the appellate court, and a trial court is without jurisdiction to amend that final order absent a relinquishment of jurisdiction for such a stated purpose); Fla. R. App. P. 9.600(b) ("If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.") (emphasis added); see also Yampol v. Turnberry Isle S. Condo. Ass'n, Inc., 137 So. 3d 1124, 1125 (Fla. 3d DCA 2014) (quashing trial court

---

[2] Our relinquishment order provided that "jurisdiction of this cause is temporarily relinquished to the trial court for a period of thirty (30) days from the date of this Order **for the trial court to enter a written order of dismissal**." (Emphasis added.)

4

order entered following appellate court's relinquishment of jurisdiction, because the trial court's order "exceeded the express purpose of the relinquishment" as authorized by the appellate court); Palma Sola Harbour Condo., Inc. v. Huber, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979) (holding that a trial court order which exceeds the scope of the "specifically stated matters" authorized by the appellate court for the trial court to consider on relinquishment of jurisdiction is invalid).

This case is indistinguishable, both on its facts and the applicable analysis, from our recent decision in City of Miami Beach v. Adalberto Cosme, 49 Fla. L. Weekly D322, 2024 WL 463232 (Fla. 3d DCA February 7, 2024). As we held in that case, and reaffirm here, the trial court's order of dismissal, entered without notice and an opportunity to be heard, violated the City's due process rights. In addition, given the City's sole authority to determine whether to proceed with the prosecution of the case, and in the absence of a proper motion to dismiss, the trial court exceeded its authority in dismissing the charge.

We therefore reverse the order of dismissal and remand for further proceedings.

5

LOBREE, J. (specially concurring)

I concur with the majority that in sua sponte dismissing the case, the trial court improperly ruled on an issue that was not before it and interfered with the City's discretion to bring charges against Guyton. I further concur that this case is factually and analytically indistinguishable from our decision in City of Miami Beach v. Cosme, 49 Fla. L. Weekly D322 (Fla. 3d DCA Feb. 7, 2024), and thus we are compelled to reverse.  However, I agree with Judge Miller's dissenting views in Cosme that this error should have been found to be invited or unpreserved, id. at D323-324 (Miller, J., dissenting), and at a minimum, that in reversing the case on due process grounds, our court errs in relying on an argument advanced by the City for the first time in the reply brief, see City of Miami Beach v. Cosme, 49 Fla. L. Weekly D908a (Fla. 3d DCA Apr. 24, 2024) (Miller, J., dissenting from denial of rehearing or clarification).