# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0247
Lower Tribunal No. A2WRB3E

_____

**The State of Florida,**
Appellant,

vs.

**Santiago Aguirre Zulaga,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

James Uthmeier, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

PER CURIAM.

Appellant the State of Florida timely appeals the trial court's sua sponte dismissal of the criminal charge of Driving Without a Valid License leveled against Appellee Santiago Aguirre Zulaga. Because the trial court abused its discretion by dismissing the charge, we reverse.

On December 18, 2023, Zulaga was arrested at the scene of a two-car collision after allegedly admitting he had never been issued a driver's license. Zulaga entered a plea of Not Guilty and demanded a jury trial, which was scheduled for January 22, 2024. Zulaga appeared for trial by Zoom from his home country, Colombia, without filing a waiver of his presence at trial.

The trial court's Standing Pre-Trial Order required trial witnesses to appear in person in the courtroom no later than two hours after the scheduled start time of the trial for a verification of their competency. The Standing Order warned that "[f]ailure to timely appear may result in the exclusion of the non-appearing witnesses at trial." With the trial scheduled to begin, the trial court asked the State if its witnesses were present for the trial check-in. The State responded that its essential witness was not, but that the State would not dismiss the case. In response, the trial court ordered the case dismissed sua sponte due to the State not being ready with an essential witness for a 10:45 a.m. trial at 1:03 p.m. in violation of the Standing Order. The State appealed.

2

A trial court's sua sponte dismissal of criminal charges is reviewed for abuse of discretion. State v. L.E., 754 So. 2d 60, 60-61 (Fla. 3d DCA 2000). The trial court here abused its discretion by dismissing the charge against Zulaga.

This Court and other Florida courts have repeatedly held that the State has exclusive discretion to dismiss criminal charges absent a statute or a motion to dismiss. See State v. Brosky, 79 So. 3d 134, 135 (Fla. 3d DCA 2012) ("Florida case law clearly provides that, in the absence of statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made by solely the State." (collecting cases)). "Criminal charges should be dismissed only as a last resort when no viable alternatives exist." State v. Cohen, 662 So. 2d 430, 430 (Fla. 3d DCA 1995) (citations omitted). "As this Court has stated, the trial court had several alternatives available other than sua sponte dismissal of the case: (1) deny the continuance motion, but allow the State meaningful opportunity to consider entering a nolle prosequi to the charges; (2) deny the continuance motion, but allow the State to proceed to trial as scheduled without its witness; or (3) grant the continuance motion, as a month remained until the speedy trial time elapsed and the defendants were not in custody." Id. (citing State v. S.M.F., 546 So. 2d 20 (Fla. 3d DCA 1989)); see also State v. J.G., 740 So. 2d 84, 85 (Fla: 3d DCA 1999).

3

In this case, the State suggested that the trial court continue the trial to another date because Zulaga was not physically present. Further, the trial court had the option, enumerated in Cohen, of permitting the State an opportunity to proceed to trial without its witnesses—indeed, this was the remedy designated by the trial court's Standing Order as well.

Because the trial court's own Standing Order outlines a viable alternative to dismissal, the State proffered alternatives to dismissal, and neither party initiated a Motion to Dismiss, the sua sponte dismissal constituted an abuse of discretion. For these reasons, we reverse the trial court's order dismissing the charge against Zulaga and remand for further proceedings consistent with this opinion.

Reversed and remanded with instructions.

FERNANDEZ and LINDSEY, JJ., concur.

MILLER, J., concurring,

I concur in the majority opinion but write separately to address the trial court's standing requirement that all witnesses appear at a time certain for a pretrial competency determination. Few undertakings are more firmly committed to the broad discretion of the trial court than docket management. Burgeoning caseloads, increased case complexity, and both aspirational and compulsory time standards place trial judges in a proverbial "pressure cooker" on a daily basis. Consequently, judicial autonomy in this realm is more important now than ever. But "[u]nless otherwise provided by statute, every person is presumed competent to testify." Simmons v. State, 683 So. 2d 1101, 1103 (Fla. 1st DCA 1996) (citing § 90.601, Fla. Stat. (1996)). Consistent with this presumption, no formal determination is necessary "until a party places competency at issue." Wingo v. State, 158 So. 3d 743, 745 (Fla. 2d DCA 2015) (emphasis added). Hence, mandating appearance for a pretrial competency determination is, in my view, both legally unnecessary and potentially burdensome on the parties and witnesses.