# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0091
Lower Tribunal No. M24-2736
_____

**State of Florida,**
Appellant,

vs.

**Miguel Vergara,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellee.

Before EMAS, LOBREE and BOKOR, JJ.

EMAS, J.

The State appeals the trial court's sua sponte order dismissing a petit theft charge against Miguel Vergara. The State's witness—who had checked in earlier on the day of trial by Zoom—was not physically present in the courtroom two hours later, at a time when jury selection was scheduled to commence. The trial court cited the witness' failure to appear, and the State's non-compliance with the standing pretrial order, as the reasons for the court's sua sponte dismissal of the case.

The trial court's standing pretrial order provided:

> Defendants and essential witnesses may check-in online on trial days, but must be prepared to appear in-person for competency determinations in accordance with the procedures set forth below.

The standing pretrial order further required:

> Witnesses to be called at trial must appear in person in Courtroom 4-10 **not later than two hours after applicable the trial's scheduled start time for determinations of competency**. Failure to timely appear may result in the exclusion of the non-appearing witnesses at trial.

(Emphasis in original).

On the scheduled trial date, the parties appeared for calendar at 8:45 a.m. The State announced it would call a single witness, Officer Alan, and advised the court that Officer Alan was present via Zoom. Upon being questioned by the trial court, Officer Alan confirmed what he would testify to at trial, i.e., he witnessed Vergara leaving the store with a shopping cart of

2

goods and, through a review of surveillance footage, corroborated the theft of those items by Vergara. The State then announced it was ready for trial.

Other matters were called on the trial court's calendar, after which the court returned to Vergara's case at approximately 10:00 a.m. Here are the relevant excerpts of the trial court's discussion with the parties:

> COURT: If there's an Officer here for the Vergara case please let me know. Officer for the Vergara case. We are, this was a 9 a.m. case, right now it's 10 a.m.? It's a 10 a.m. in a few more minutes.
>
> DEFENSE COUNSEL: It was [called at] 8:45 a.m. Judge.
>
> COURT: Okay. We have no witnesses? State? No witnesses for that case.
>
> STATE: Judge, [] I believe this is a jury trial, they did a demand for jury. Yes. And our Officer said that he will [be] present, the State's ready for trial Judge.
>
> COURT: I know, he said he would be present, and we gave him the two hours for check in.
>
> STATE: Yeah Judge, he'll be here when he's called as a witness. The State is ready.
>
> COURT: Okay. Case dismissed, Officer failure to appear.
>
> STATE: That would be over State's objection Judge. As this Court as no authority—
>
> COURT: Take an appeal of my pre-trial order, for the fifth time I really would love some resolution on it.
>
> . . .

3

COURT: Please, so we can get a resolution to this issue. I do need witnesses to be here two hours after the trial case is called.

. . .

COURT: Here's what's really going on, the State [has] misrepresented the readiness in this division on multiple occasions and I've expressed my dissatisfaction with it.

My trial, pre-trial order requires witnesses to appear here for a check-in two hours after the trial time in order to determine whether the trial witnesses are actually ready, have any disabilities or other issues that the Court needs to account for and manage in my trial docket.

Witness' failure, fail to appear and so the case is dismissed.

This appeal followed.

In the recent case of State v. Alahmari, 409 So. 3d 162, 163 (Fla. 3d DCA 2025), we reversed a sua sponte order dismissing a criminal charge under circumstances identical in all relevant respects to the instant case, holding:

> The record before us shows that the State informed the trial court it was ready for trial and that its witnesses would be present when needed to testify. At that point, the trial had not begun, and no jury had been sworn in. Because the State did not abandon its prosecution, we find the trial court abused its discretion in dismissing the case for lack of prosecution.

See also State v. Perez, 543 So. 2d 386, 387 (Fla. 3d DCA 1989) ("We reverse the order under review because, simply stated, there is no showing on this record that the state was not prepared to go forward with its case on the day of trial. The state had announced ready for trial and thus

4

presumptively was prepared to select a jury, make an opening statement, and present its witnesses. The fact that the police officers were not physically in the courtroom at 2:00 P.M. before a jury had even been selected constitutes no showing that the state was not prepared to present its evidence at trial at the appropriate time once the trial had begun . . . The order under review is therefore reversed, and the cause is remanded to the trial court with directions to reinstate the information filed below.").

In the instant case, one can glean from the transcript the trial court's evident frustration. We certainly understand and sympathize with the trial court under the circumstances presented, and we recognize the trial court's attempt to fashion and enforce its standing pretrial order with the goal of promoting a fair, efficient and prompt resolution of cases, whether by plea or trial.

There are, however, certain limits to what a trial court may do in pursuit of such laudable objectives. Dismissal of the case for a witness' failure to appear is generally not a viable alternative,[1] see State v. Cohen, 662 So. 2d

---

[1] Indeed, the trial court's own standing pretrial order does not provide for dismissal as a possible sanction under these circumstances. Instead, it provides that a witness' "[f]ailure to timely appear may result in the exclusion of the non-appearing witness at trial." We need not reach the question of whether, under these circumstances, imposition of such a sanction would have constituted an abuse of discretion.

5

430, 430 (Fla. 3d DCA 1995) ("Criminal charges should be dismissed only as a last resort when no viable alternatives exist."), as such a dismissal implicates separation of powers principles. Generally, and in the absence of a statute or proper motion, the authority to dismiss a criminal charge is vested exclusively in the executive branch. See, e.g., State v. Zulaga, 415 So. 3d 1239, 1240 (Fla. 3d DCA 2025) ("This Court and other Florida courts have repeatedly held that the State has exclusive discretion to dismiss criminal charges absent a statute or a motion to dismiss."); City of Miami Beach v. Cosme, 388 So. 3d 944, 947 (Fla. 3d DCA 2024) ("It is axiomatic that in the absence of a statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made solely by the prosecution.") (citing State v. Brosky, 79 So. 3d 134, 135 (Fla. 3d DCA 2012) ("The trial court's *sua sponte* dismissal of the charges was an abuse of discretion, no matter how frustrated (and rightly so) the trial judge was with both sides over the progress of this matter. Florida case law clearly provides that, in the absence of statute or motion to dismiss, the decision whether to prosecute or to dismiss charges is a determination to be made by solely the State.")); State v. Bonnett, 985 So. 2d 1194, 1197 (Fla. 3d DCA 2008) (finding dismissal of charges as sanction for State's behavior was reversible error); State v. Leon, 967 So. 2d 437, 437 (Fla. 4th DCA 2007) ("[W]e agree

that reversal is required because the trial court's action in dismissing the case was an abuse of discretion and constituted an improper infringement upon the State's discretion to prosecute.").

Because the State represented it was ready for trial and there is nothing in the record to suggest it was not, the trial court abused its discretion by sua sponte dismissing the case for noncompliance with its pretrial order. We quash the order of dismissal and remand with instructions to reinstate the charge.

Reversed and remanded.